The opinion of the court was delivered by
Blanci-iard, J.
This cause was before the court a year ago on the question of plaintiffs right to a preliminary injunction to restrain the defendant from opening Bruxelles street. Considering the answer then submitted by the city and tihe showing made not sufficient, an order was entered directing an injunction to issue pendente lite. See State ex rel. Lafitte vs. Judge, 51 La. Ann. 1768.
*2100 The case now comes up on its merits. The judgment below affirmed the city’s right to open the street as she was proceeding to do, and dissolved the injunction. Plaintiff appeals.
It appears from the record that plaintiff purchased in July 1897, at public sale (by auction) a number of squares and parts of squares in an outlying section of the City of New Orleans and within its corporate limits.
The various pieces of property he thus bought were all conveyed to-him in one deed, but each square or part of square was separately-described.
Among the squares and parts of squares thus purchased were those numbered 2132, 2133, 2293 and 2294 on .the official plan of the City of New Orleans.
In his title deed it is recited that square No. 2132, the half of which he purchases (the particular half being described), is bounded by Bruxelles, Pleasure and Harmony streets, and Paris avenue.
It is recited that square No. 2133, nearly the whole of which he purchases, is bounded by Pleasure, Bruxelles, Harmony and Warsaw streets.
It is recited that square No. 2293, only a small part of which he purchases, is bounded by Bruxelles, Pleasure, Warsaw and Richelieu, or White, streets.
And it is further recited that square No. 2294 is hounded by Paris avenue, Pleasure, Bruxelles and Richelieu, or White, streets. He buys "all of this square, save a small triangle forming the corner of Richelieu; and Bruxelles streets.
In his petition plaintiff avers his ownership of squares Nos. 2133 and 2294 on the plan of the city of New Orleans, and his ownership of one-half each of the squares Nos. 2293 and 2132 on said city plan.
He alleges that the said squares, the ownership of which in whole or in part he claims, are bounded by Paris avenue, Warsaw, Harmony and' Richelieu streets.
That is true. The four squares formed into a solid block would be bounded, as the map shows, by Paris avenue, Warsaw, Harmony and' Richelieu streets. But he did not buy them as a solid block. He bought each square separately as bounded by certain streets named, and the very map; tó which' both his petition and his deed refer, shows that •squares Nos. 2132 and 2133 are opposite each other, that squares No. 2293 and 2294 are opposite each other, and that between them runsc Bruxelles street.
*2101 Thus, squares 2132 and 2294 are bounded on one side' by Paris avenue, on the other by Bruxelles street; squares 2133 and 2293 are bounded on one side by Bruxelles street, on the other by Warsaw street.
Between squares 2132 and 2294, and between squares 2133 and 2293-runs a street called Pleasant street.
Long before plaintiff purchased,, the land forming these and other squares in that part of the city had been subdivided into lots, blocks, squares and streets, and the streets bordering the several squares had been dedicated tothe public.
In Land vs. Smith, 44 La. Ann. 931, it was held that where an owner of land within the corporate limits of a town or -city had subdivided the same into lots, blocks and streets, a sale of lots bounded by streéts thus laid out was a dedication of the streets to public use, and that the plan or map by which property'is thus sold binds both vendor and vendee. A sale of lots with reference to a plat showing a subdivision, defining streets, squares, etc., or describing lots as bounded by streets, will amount to an immediate and irrevocable dedication of the latter binding upon both vendor and vendee. Dillon on Municipal Corporations, 3rd Ed. Vol. 2, § 640; Scheen vs. Stothart, 29 La. Ann. 630.
Hence, when the plaintiff bought according to the subdivision in question he became committed to the streets forming part of the subdivision and can not be heard to dispute their existence.
He can not take the position that the ¡streets are not physically laid off, and it makes no difference that they had not been actually opened to use. It was for the city authorities to say when they should bq opened, and no prescriptive right to keep them from being opened could arise in favor of plaintiff. Ice Co. vs. City, 43 La. Ann. 217; Alexandria vs. O’Shee, 51 La. Ann. 720; Dillon on Mun. Cor., 3rd Ed., Vol. 2, § 670; Scheen vs. Stothart, 29 La. Ann. 630; Secs. 14 and 15, Act 45 of 1896.
He had no right to fence up the streets, and if he found them fenced when he took possession that gave him no right to keep them fenced. So long as the city did not act his fences might remain, but merely on sufferance.
When the city authorities decided to act and open the streets he must submit and remove his fences so that the streets might come into use by the public.
The plan of the subdivision showed the streets, their place of loca *2102 tion,. width,, etc., and the dedication having- taken place, the city authorities .exercised but a proper police power when directing- and enforcing their opening. Daublin vs. Mayer, 1 M. 100 (184); Dillon on Mun. Cor., 3rd Ed., Vol. 2, § 680; Scheen vs. Stothart, 29 La. Ann. 630; Henderson vs. Mayor, 3 La. 563.
The plaintiff has no cause of complaint — he gets and holds all the land he bought, and the public acquires the possession and use of the streets dedicated by the owner at the time the subdivision was made.
■ The plaintiff could not acquire such possession of land thus dedicated for streets as entitles him to maintain a possessory'action when disturbed -in his occupancy by the city officials charged with the duty of opening- the streets. See Jefferson Ry. Co. vs. Esterle, 13 Bush (By.) 667.
If the officials were to lay out and open the streets on wrong lines, or were to impinge on his rightful limits in doing so, he would have a complaint and a right of action to enforce the proper lines.
But until that contingency arises his rights are not invaded and he is without cause of action.
There is no pretense that the proposed opening of the streets is-on wrong lines. It is not true that'the officials are about to enter upon his property. It is public property — streets of the city — they are entering upon, and plaintiff’s case falls as soon as a dedication is shown.
In opening streets thus dedicated the officials had the right to cut and remove fences and other obstructions found upon the public property. The evidence shows that after allowing plaintiff the full dimensions of his squares and parts of squares, there is still full measure for all the streets shown on the plan of subdivision, including Bruxelles street.
The court d qua lias decided the case correctly and this judgment is, accordingly, affirmed with costs.
Rehearing- refused.