BREAUX, C. J.
Plaintiff is the owner of land in the city of New Orleans forming part or the whole of a square.
His complaint is that the city has taken possession of a strip of this land and opened it. up to the public as a street.
He claimed $5,600 from the city as damages for alleged trespass, averring that the city proceeded by force and violence.
He avers, in substance: That he went into possession of this land over 30 years ago and that his possession has been continuous. That the land was part of the outlying districts of the city, and that the street opened up had never been previously a street — only nominally a street.
That his action was possessory, and that the city should be held to observe the forms required by law in expropriating property. That the city was without right to assume possession, as it had no title.
The street in question is numbered, and was named Seventeenth. It is now known as Palmetto street.
The defense was that plaintiff has no cause of action, q’his exception was overruled, with privilege reserved to the defendant by the court of renewing that plea on the merits.
The defendant also interposed the plea of estoppel, grounded on plaintiff’s petition in the case of W. W. Handlin v. Weston Lumber Company, 47 La. Ann. 401, 16 South. 955, decided by this court as concluding him from claiming the street in question.
The defendant in its answer claimed that Seventeenth street had been dedicated to public use before the date that plaintiff became the owner of the property, and that this dedication was recognized and confirmed by the defendant.
Briefly stated, the judge of the district court held: That defendant had not lost the use of the land known as Seventeenth street by nonuse. That the plaintiff, in taking possession of the land dedicated as a street, and by laying it out in the official map, and by the description in plaintiff’s title deed recognizing this street, could not divest the city of its rights, nor thereby compel the city to resort to appropriation proceedings.
*568 The foregoing sufficiently states the case.
We will now note the facts needful for the decision.
A sketch of the ground is annexed, showing-the location of the street.
The facts from the record in the order of time show that years ago, when the plaintiff became the owner of the land in indivisión with another person, the land in question was bounded by four streets. One of them is numbered, and named Seventeenth.
It was established and named by his authors.
In the course of time, in the year 1864, he sought and obtained from the court an order to divide the property, and accordingly a partition was made.
The land described in the act of partition was bounded by Seventeenth street.
There is in evidence a written lease by plaintiff to T. O. Starke, dated the 18th day of February, 1868, in which the property is described just as it is in the act of partition.
In the year 1894 plaintiff instituted suit against the owners of adjacent lands.
In his petition he described the property as bounded by Seventeenth street.
The following is an excerpt from the petition:
“The said Weston Lumber Company has within the last four months taken willfully, forcibly, and illegally possession of petitioner’s square of ground, numbered 769, in this city, bounded by Short, Seventeenth, Washington, and Dickson streets.”
In this present suit the land is described in the same way, except that plaintiff seeks to qualify the description by the use of the word “nominally”; that is, that the boundary is nominally Seventeenth street.
Judgment was rendered, and in the judgment the land is bounded as described in the petition.
There is no question but that at all times, as relates to description, Seventeenth street was referred to as the boundary of plaintiff’s-land.
The position of plaintiff is that this description and this street was merely a map designation of the land, and that he in reality for over 30 years has been in continuous possession of all the land, including the street, which was within his inclosures.
The testimony regarding plaintiff’s alleged possession is earnestly controverted by defendant.
Attention is called to the fact that plaintiff did not testify regarding his possession, but was silent and called witnesses to prove his possession who knew less in that respect than he did himself.
Plaintiff appeared in his cause as one of counsel.
Plaintiff’s reply to the above assertion is that there was no necessity for his testifying, as he had testified in the case (the record of which is in evidence with the consent of both parties to' the suit). I-Ie referred to the-testimony of plaintiff as set out in the record, of Handlin v. Weston Lumber Company, 47 La. Ann. 401, 16 South. 955.
He is not fortunate, for this testimony shows that the property was dedicated, in effect, at least, to public use.
In the brief plaintiff states as follows:
“Brief [referring to defendant’s brief] says plaintiff ‘did not take the stand, and did not prove prescription.’ But in Weston [that is, the suit above referred to, the record of which is in evidence] he did testify and prove possession for 45 years, from 18G1 to 1906.”
If this be construed literally, it proves that plaintiff was in possession of the land, with boundaries as set out in the petition, in Handlin v. Lumber Co., 47 La. Ann. 401, 16 South. 955, before referred to.
We have noted that a partition was made-of the property in 1864. The boundary of the property was the same; that is, by Seventeenth street, as described in the act of partition.
*570 The map of survey, which was the basis of ■a partition (a sketch of which is annexed below), shows the different streets.
But it is contended that, inasmuch as a partition is declaratory of the respective rights of the owners and of the property as allotted in the partition, it is not as in ease ■of a sale. Reference to streets, plaintiff contends, is not to be held as binding as it is when a sale or an exchange of property is made by reference to certain streets.

We do not, as relates to boundary, find it possible to agree with that contention. This act of partition, in one sense at least, had the effect of a sale or an exchange. It was a severance of the common or undivided interest in real estate. One joint owner transferred to the other all.his rights therein. It was, in effect, an exchange; a notarial act, in which each owner recognized the street as public without the least qualification.
The declaration in the act of partition has *572 all the force and effect, as relates to boundary, which a sale can possibly have. All reasons which render a sale binding as relates to boundary apply in the case of a partition.
Besides, in this instance, the declaration in the deed setting out this street as the boundary is particularly binding. It is the official map of the city. It is authoritative.
In a well-considered case this court held that the sale of property fronting on a street as shown by a plan of the municipality, which is made the basis of the act, is equivalent to a dedication. Burthe v. Fortier, 15 La. Ann. 9.
Plaintiff sought to sell part of this property — advertised it as bounded as before mentioned and as shown by foregoing sketch.
One of plaintiff’s positions is that it was a mere advertisement and an offer to sell, but not a sale; that his cause did not come within the category of those cases in which property has been sold and a boundary recognized; and that, in consequence, the decision relating to such recognition does not apply here.
It remains as a fact that he became the owner of this property in the partition, as before mentioned, and that full recognition, as before mentioned, was given to this street in the act of partition. Besides, even though he has not sold the property, the advertisement above referred to recognized and confirmed by. his own offer the different acts declaratory of the street as public.
In addition to the parties to the partition, between Allen and the plaintiff, joint owners, others owned property bounded on one side by this street. They recognize the street as a public street.
The destination made by the owner is equivalent to title in regard to such servitude as to streets and other public places. Civ. Code 1838, art. 767; Sheen v. Stothart, 29 La. Ann. 632.
Another ground of plaintiff is that the city is without right to open the street without first instituting suit and obtaining a judgment recognizing its title to the street.
Decisions have already settled that point adversely to plaintiff’s contention. Lafitte v. City, 52 La. Ann. 2099, 28 South. 327.
It has been held that under its police power it has the right to remove obstructions on the public street.
When a town is laid off, or a suburban district is subdivided into lots, and streets are opened, and persons acquire lands therein, improvements are made on some of the lots, the town or city in the exercise of its police power has the right to have the streets opened if they have been closed regardless of the-number of years that they have been closed.
The test is dedication vel non. If it has. become a public street, the obstructions may be removed by order from the authorities of' the municipality. It may be subject to such, steps as an owner may take to assert his. right, if any he has; but if there has been a dedication, as in this case, he certainly would be the loser.
If, every time an owner conceives that he has a right to the public street, it would be-possible for him by mere objection to compel the municipality to bring suit against him, as in a possessory action, there would be streets closed to the great inconvenience of the public.
Plaintiff having acknowledged and confirmed the dedication by describing the block in which his property is situated as before mentioned, he cannot maintain the plea of prescription.
The plaintiff properly asserts that all persons have an equal right in opposition to the acts of the state or municipality, if illegal.
That is entirely true, but the illegality or irregularity must be shown.
We have not found either. It only remains for us to affirm the judgment.
For reasons assigned, the judgment is affirmed.