PRO VO STY, J.
The Evergreen Colored Baptist Church of the city of Lake Charles moved the larger and newer of its two churches to a more eligible location in the city, and was about to cause the smaller and older church to be torn down, when the present suit was instituted enjoining it from doing so.
[1] The plaintiffs are Harry Foreman and Samuel Williams. They allege that they are members of said church; that it is an unincorporated religious organization; that they helped to build said church building; that they, together with other members of said church, are in possession of said building; that the land upon which it stands was donated to the said Evergreen Colored Baptist Church, on the express condition that the same should be used as a church site, and will revert to the donors, if said Evergreen Colored Baptist Church removes from it; that they acted as the trustees of said church in accepting said donation; that they and their fellow members in possession desire to continue to worship in said building; that they fear that the defendants and others will destroy said building unless enjoined from doing so.
The defendants are Taylor Fryerson, the pastor, and one Clem Green, the carpenter employed to demolish the building, and three others, who, in the body of the petition, are described as “the former board of directors,” etc., in the prayer of the petition, as “the supposed board of trustees.”
[2] The suit is without merit. The record superabundantly shows that the plaintiffs *224 have been excluded from membership by a majority vote regularly taken, and that in the Baptist Church the majority rules. They are therefore clearly without standing to litigate in this matter in their alleged quality •of members of the church. And they are no less clearly without standing as alleged possessors. Up to about a week before the filing of this suit, this building was admittedly in the actual possession of the Evergreen Colored Baptist Church through its officers, the defendants. It was an actual possession begun by corporeal possession and continued by civil possession. C. C. 3442. The plaintiffs then took physical possession by entering through a window. The possession which they thus acquired remains a bare, naked fact upon which no legal right could be founded. Until physical possession has lasted for one year it does not give rise to any legal right. C. P. 49.
Plaintiffs do not in their petition allege themselves to be owners in indivisión of said building, and, as such, to have a standing for maintaining this suit; but in their brief such co-ownership is asserted, and sought to be relied on.
[3] Conceding, for argument, that plaintiffs were owners in indivisión while they were members, and that their said co-ownership survived the termination of their membership, it gives them no right to interfere with the regularly constituted authorities of said church in the management of its affairs. Le Blanc v. Lemaire, 105 La. 539, 30 South. 135.
[4] The allegation as to the danger of the ,said church site reverting to the donor ignores the fact that the donor has, in an authentic act duly recorded, consented to said removal.
Judgment affirmed.
O’NIELL, J., takes no part.