Plaintiffs are residents and property holders in the Gruner subdivision of Jefferson parish. In April, 1925, they obtained a preliminary injunction restraining defendants and the Metairie Ridge Ice Company from building an electrically driven ice plant on lots 44 and 45 of block 1 of said subdivision, on the ground that defendants held no permit therefor from the police jury of Jefferson parish; that defendants' title contained a prohibition against the use of said property for said purpose; and that said ice plant was a nuisance per se and in fact.
After a full trial on the merits, the trial judge found that the Metairie Ice Company did have a permit from the police jury; that defendants' title contained no restrictions whatsoever upon the use to which said property *Page 700 
might be put; and that an electrically driven ice plant was not a nuisance per se nor in fact, especially in the unbuilt rural section where this particular plant was to be built. Whereupon he dissolved the preliminary injunction and dismissed plaintiffs' suit. The trial judge however did allow plaintiffs a suspensive
appeal from said judgment, which plaintiffs perfected by furnishing bond on July 15, 1925; and that appeal is before us under the No. 27533 of our docket. 160 La. ___, 106 So. 730.
 I.
Whether or not such suspensive appeal was properly allowed is a question which does not arise directly in this case, although indirectly raised by these relators in the thirtieth paragraph of their present application wherein they allege:
 "30. That relators then (at the time when they applied for a suspensive appeal in the present proceedings) filed a petition wherein they set up that Act 29 of 1924 was unconstitutional in that the title of the act was not broad enough to cover the provisions of the body of the act; and also that as the said act sought to deny relators' right of appeal, it was unconstitutional; but that the said trial judge upheld the constitutionality of said act (and denied relators a suspensive appeal herein)."
 II.
Thereafter the defendants organized a new corporation, the Jefferson Bottling Company, Incorporated, which new corporation purchased four adjoining lots in block 1 aforesaid, to wit, lots 46, 47, 48, and 49, again without restrictions as to the use to which said property might be put, obtained from the police jury a transfer to it of the permit which said jury had previously granted the Metairie Ridge Ice Company, and proceeded to erect an ice plant on said lots.
Whereupon the same plaintiffs, and others, sought an injunction, upon grounds identical with those on which the first injunction was sought, but further setting up the fact of said suspensive appeal. *Page 701 
On a rule to show cause why a preliminary injunction should not issue, the matter was submitted to the trial judge upon the evidence taken in the first suit, and the trial judge thereupon refused the preliminary injunction sought, and also declined to allow relators a suspensive appeal from his order refusing such preliminary injunction.
Whereupon relators applied to this court for a mandamus to compel him to grant said appeal, and for such other relief as this court might deem proper.
 III.
Act 29 of 1924, p. 43, provides that no suspensive appeal shall lie from an order granting, continuing, refusing, or dissolving a preliminary injunction.
Hence, when the trial judge declined to allow relators a suspensive appeal from his order refusing to grant a preliminary injunction, he acted in strict accord with the plain provisions of a law which forbade him to grant such appeal.
And this court is therefore without authority to command him to do so, notwithstanding section 6 of said act, for the constitutional grant of power to this court to supervise and control the action of all inferior judges was given solely in order that it might keep all judges within the law, and not as a general warrant to this court to substitute its own will for that of the Legislature and compel other judges to do that which the Legislature said they should not do.
 IV.
The question therefore arises whether Act 29 of 1924 be a valid exercise of legislative power, or unconstitutional as suggested by relators.
The title of the act is:
 "To regulate procedure and practice in and power of the courts of this state in respect *Page 702 
of restraining orders and preliminary writs of injunction."
That title indicates that the act is intended to regulate the whole subject-matter of procedure and practice in respect of preliminary injunctions; and, since the matter of what appeals may be taken, and the effect thereof when taken, is one which pertains to procedure and practice, it follows that the title of the act covers any provision of the act regulating what appeals may be taken from orders in respect of preliminary injunctions, and the effect of such appeals when taken.
Again, the Constitution has indeed established the jurisdiction of all appellate courts as to amount involved and subject-matter; but it nowhere declares the time when or conditions under which appeals may be taken, or the effect of such appeals when granted. Manifestly, then, it was left to the Legislature to provide therefor, since otherwise there would be no warrant for requiring appeals to be taken within a certain time, or for requiring bond or security as a condition precedent to the exercise of such right of appeal, and thus whole titles of our Code of Practice, and many statutes, regulating such matters, would be worthless.
Our conclusion is that the Legislature may prescribe what rulings shall be appealable and what not, and the effect of such appeal when taken. The Legislature has exercised that right from time immemorial and no one has ever questioned it. C.P. arts. 566, 567, 580. In fact it is absolutely essential to orderly government that the matter of regulating the terms and conditions on which appeals may be taken, and the effect thereof, should belong to the Legislature, since the Constitution has (very properly) made no provision as to these details.
Our conclusion is that our preliminary writ issued improvidently and should be recalled. *Page 703 
 V.
After our preliminary writ herein had been granted, the defendants continued the erection of the ice plant on their property hereinabove mentioned. Whereupon relators moved that they be summoned to show cause why they should not be punished for contempt of this court for violation of its order herein. For return to said rule defendants deny that anything in said order prohibited them from continuing with said work.
An examination of our order shows that such is the fact. All that defendants were ordered to do was to show cause in this court why the relief prayed for in the petition of relators should not be granted, and in the meantime that "all proceedings against relators in said Twenty-Fourth judicial district court shall be stayed and suspended." True, relators had prayed that in the meantime defendants "should be prohibited from proceeding further with the erection, operation, or maintenance of their proposed ice manufacturing plant," and this court might have so ordered, had it seen proper to do so (State ex rel. Barbin v. Strong, Man. Unrep. Cas. p. 434), but the fact remains that the court did not so order, and there was therefore no order of this court which respondents failed to observe. The rule for contempt must therefore be discharged.
 Decree.
The preliminary writ herein issued is therefore recalled, and the application of relators denied. The rule for contempt herein taken is discharged.
O'NIELL, C.J., concurs in the decree, but is of the opinion that the question of constitutionality of that part of Act 29 of 1924 which declares that there is no right to a suspensive appeal from a refusal to grant a preliminary injunction is not before us for decision, because there never was and could not possibly *Page 704 
be such a thing as a suspensive appeal from an order refusing to grant a preliminary injunction.