ST. PAUL, J.
 

 The defendant, being about to pave certain sidewalks within its corporate limits, found plaintiffs encroaching some two feet or more on Douglas street (so it claimed), which encroachment had lasted more than one year. And the defendant being about to remove said encroachment and lay the sidewalks on said Douglas street according to the lines established by its engineer, plaintiffs' thereon filed a
 
 possessory ac
 
 
 *263
 

 tion
 
 and coupled therewith an application for an-injunction to restrain defendant from interfering with their possession pendente lite.
 

 The trial judge issued a temporary restraining order to maintain the status quo until he could hear the case upon a rule to show cause why a preliminary injunction should not issue. And having tried the rule, he found that the locus in controversy was part of a public street and therefore refused the injunction. Whereupon plaintiffs applied to this court for relief, urging that they are entitled to an injunction of right pending the outcome of their possessory action, and
 
 in effect
 
 until the defendant shall have recovered judgment in a separate petitory action decreeing the strip of land in controversy to be part of the public street.
 

 I.
 

 Even before the passage of Act 29 of 1924, p. 42, it had been held that a writ of injunction did not lie
 
 of right
 
 to prevent a municipality from abating encroachments upon its public streets upon allegations that plaintiff was in possession and the locus private property. State ex rel. Lafitte v. Judge, 51 La. Ann. 1768, 26 So. 374. And under the statute of 1924, supra, judges are forbidden
 
 in all cases
 
 to issue injunctions without hearing the opposite party both as to the law and as to
 
 the facts
 
 upon which the injunction is sought:
 

 In the case before us the trial judge followed the procedure prescribed by that statute
 
 ;
 
 and upon hearing the evidence he
 
 found
 
 as a fact that the plaintiffs were encroaching upon a public street.
 

 II.
 

 Now the law is, that mere physical possession of public places, even though extending beyond a year, is not such a possession as entitles the possessor to maintain himself against the public until ousted by a petitory action; that the public is entitled, to enter thereon at once. Henderson v. Mayor, 3 La. 563; Sheen v. Stothart, 29 La. Ann. 630; Lafitte v. City of New Orleans, 52 La. Ann. 2099, 28 So. 327; Handlin v. City of New Orleans, 121 La. 565, 46 So. 652.
 

 Manifestly, therefore, an injunction should not issue to protect such a possession; and hence this is not a case in which this court should interpose its authority and compel the granting of such an injunction. Cf. Canone v. Pailet, 159 La. 698, 106 So. 118.
 

 III.
 

 Whether or not the trial judge be correct in his finding that the locus in controversy is a public street is a question which does not arise at this time (and the parties do not argue that it does). That question will arise only when the case is fully tried on the merits and appealed in due course. For the present the only question arising is whether the trial judge abused his discretion in refusing a preliminary injunction under the facts as he then found them to be; and our conclusion is that he did not.
 

 Decree.
 

 The writ herein issued is therefore discharged, at the cost of the relator.