GLADNEY, Judge.
Appellant, Bossier Enterprises, Inc., instituted this suit against four individuals and the City of Bossier City, seeking to restrain defendants from interfering with its full use and enjoyment of Lot 7 of the Stockwell Subdivision, Bossier City, Louisiana, and, in the alternative, from crossing through plaintiff’s fence located on the east side of said lot. When thei case came on for hearing, the City of Bossier City did not make an appearance, nor did it file any pleadings herein. The other defendants, Emile Carbone, Bill Blue, Roy Boles and Alvin Boles, after filing an exception of no cause and no right of action, answered to deny plaintiff lhad been in actual and real possession of that portion of the land on which the disturbance occurred.
After trial there was judgment rejecting the demands of plaintiff. The exception of no cause and no right of action when filed was referred to the merits and was not specifically ruled upon. It is not urged on appeal and is considered abandoned.
Plaintiff’s action is essentially a pos-sessory action and arises from the act of plaintiff a short time before suit was brought in erecting a gate across a passage defendants and others had been using for many years. The gate was immediately torn down by one of defendants.
The record indicates that plaintiff acquired title to Lot 7 from Mrs. Helen Ector Hutchinson by deed dated June 18, 1943. The property is situated in the western part of Bossier City and actually extends to Red River. The Stockwell Subdivision was laid out in 1884 at which time an original survey thereof was made and became known as the McClenaghan survey. Apparently no authentic plat of the subdivision was ever filed of record and none was produced upon the trial of the case. Appellant sought to identify the locus in quo through the testimony of George E. Dutton, a registered civil engineer, and by a map prepared by him November 10, 1950, which was filed in the record. Dutton’s map was allowed to be filed over objection of defendants’ counsel, the court properly ruling that the objection went to the effect of the evidence and not to its admissibility.
In 1884 the bank of Red River was considerably farther west of the present high bank line. Since that time a large sand bar or batture has formed along the east bank of the river and the high bank line through erosion has moved toward the east until only a fraction of Lot 7 now remains on the high bank. During the past fifteen years the 'City of Bossier City used a portion of the batture as a dumping ground for city refuse and, as a means of ingress and egress thereto, used a road which commences at the west line of a public alley way or street and runs westerly down the high bank to the dumping ground, and where one of defendants has a hog en *523 closure. It is not disputed that the south line of Lot 7 is the north side of Jones Street, a street running east and west, and intersecting the north and south alley above referred to, at the southeast corner of Lot 7. Jones Street has been affected by erosion and most of it is now under the high bank.
Plaintiff erected its gate, according to the testimony of Mr. Dutton, at a point some 20 to 30 feet from the southeast corner of Lot '7, at which point the road to the dumping ground enters the public alley or street. This passage way was never closed by fencing until the erection of the gate just prior to the institution of this suit.
The real issue in the case is to determine if the gate was erected on Lot 7 or in Jones Street. The gate admittedly was destroyed by one of the defendants, in order that he and others could continue to use the road leading to the dumping ground. Plaintiffs contend that the gate was erected upon a portion of Lot 7 on the high bank, whereas defendants’ position is that the gate was erected upon Jones Street, a dedicated thoroughfare, and, therefore, plaintiff could not support his action by assuming possession of public property a few weeks prior to filing suit.
The rules governing possessory actions are set forth in Articles 46-60, inclusive, of the Code of Practice. These require plaintiff to possess as owner or as holder of some real right entitling him to bring suit; the property in question must be properly described; he must prove that he or his authors in title have had the real and actual possession of the property free from interruption for more than one year prior to his having suffered a real disturbance and that his possession existed at the time of the disturbance; and suit must be brought within one year from the disturbance.
It has repeatedly been held by our courts that only those who possess as owners are entitled to 'bring the action and that plaintiff must have the intention of possessing as an owner.
In Cutrer v. Spring, La.App.1941, 4 So.2d 106-108, the following interpretation was placed on Article 47 of the Code of Practice:
“Article 47 of the Code of Practice provides that the persons, entitled to bring the possessory action are those who possess as owners, persons entitled to the usufruct or use of the real property, and others having real rights growing from such real estate. While the question of title is not an issue in a possessory action, yet if the plaintiff in such an action bases his right to resort to the action to be restored to the possession of the property which he possessed as owner and refers to a title under which the quality and character of his possession is fixed, the title, does then become relevant to show the nature and quality of the possession which was disturbed. If the title on which the possession is based shows that the plaintiff does not possess as owner, or in one of the other qualities necessary to give a right to resort to this form of action, the court will give effect to the title and deny the plaintiff the right to resort to the possessory action. Sallabah v. Marsh, 34 La.Ann. 1053; Williams v. Harmanson, Agent, 41 La.Ann. 702, 6 So. 604.”
See also Article 3436 of the LSA-Civil Code; Foreman v. Fryerson, 1914, 135 La. 221, 65 So. 131; Winsey v. Bourgeois, 1933, 177 La. 919, 149 So. 519; Hearne v. Miller, 1931, 18 La.App. 551, 138 So. 151; Buckley v. Dumond, La.App.1934, 156 So. 784; Bruning v. City of New Orleans, 1927, 165 La. 511, 518, 115 So. 733; Chagnard v. Natal, La.App. 1951, 53 So.2d 274.
Plaintiff must so describe the property as to apprise defendants as to what land is in dispute and where the locus in quo is indefinite and it cannot be determined whether plaintiff’s dominion extends over the particular part of the tract in controversy, recovery will not be granted. The rule is that where plaintiff contends that his possession of a part of the land is possession of the whole, he must show definite boundaries. 20 Tulane Law Review 524, 529, and authorities cited therein.
*524 When plaintiff alleges his possession as owner and defendant denies the averment, the burden of proof is on plaintiff to show the possession necessary to support the action. See Buckley v. Dumond, La.App.1934, 156 So. 784; Acosta v. Nunez, La.App,1942, 5 So.2d 574.
Plaintiff established its possession to the eastern portion of Lot 7 and it was shown that one or more of the defendants is in actual possession of a substantial part of' the western end of Lot 7. The road closed by plaintiff’s construction of the gate runs between two fences and has been used continuously by the public for at least fifteen years. The question of whether or not this passage way and particularly that portion where the disturbance occurred is a part of Lot 7 is a question of fact.- The burden of proof was upon the plaintiff to prove that actually it was a part of Lot 7 and was. not a portion of Jones Street.
In the case of Martin v. City of Lafayette, 1926, 162 La. 262, at page 264, 110 So. 415, at page 416, the Supreme Court said:
“Now the law is, that mere physical possession of public places, even though extending beyond a year, is not such a possession as entitles the possessor to maintain himself against the public until ousted by a petitory action; that the public is entitled, to enter thereon at once. Henderson v. Mayor, 3 La. 563; Sheen v. Stothart, 29 La.Ann. 630; Lafitte v. City of New Orleans, 52 La. Ann. 2099, 28 So. 327; Handlin v. City of New Orleans, 121 La. 565, 46 So. 652.
“Manifestly, therefore, an injunction should not issue to protect such a possession ; and hence this is not a case in which this court should interpose its authority and compel the granting of such an injunction. Cf. Canone v. Pailet, 159 La. 698, 106 So. 118.”
The above ruling is not in conflict with Bruning v. City of New Orleans, 1926, 165 La. 511, 115 So. 733.
Plaintiff sought to establish the locus in quo through the testimony of Mr. Dutton who relied upon the map which he prepared in 1950, and is to be found in the record. Cross-examination of .this witness for the purpose of determining the original sources of his material produced much uncertainty. The witness testified he relied upon a map of the McClenaghan survey which he had in his files. He could not remember whether the referred to plat was attested by a signature or not, and he himself discredited the accuracy thereof. Incidentally, this map or a photostat thereof was never produced or made a part of the record. A considerable part of Dutton’s testimony was vague and indefinite. Perhaps the most that can be said for his work is that he did the best he could with the information "and data in his possession. Plaintiff attempted through this testimony to establish the south and east lines of Lot 7. Such proof was essential to show whether the passage way actually is within Jones Street or within Lot 7. Dutton’s map shows two unenclosed roads entering the public alley or street that admittedly should constitute the east boundary of Lot 7. Both of these roads intersect the public alley or street at or about the southeast corner of Lot 7. The map shows Jones Street adjoining one of these roads and that Jones Street, as indicated on Dutton’s map, intersects the aforesaid public alley or street in such a manner that all three of the referred to roads converge upon the western boundary of the alley within a distance of 100 feet, and in the immediate vicinity of the southeast corner of Lot 7. Accordingly, if Dutton’s survey failed to accurately establish Jones Street and there be error in locating it as much as 40 feet south of its true position, the disputed area does not lie within Lot 7, but actually lies within Jones Street. Because of the unsatisfactory condition of the evidence we cannot determine whether the locus in quo is on Lot 7 or not, and such a showing is essential to the success of plaintiff’s action.
Plaintiff has cited a number of cases ¡ as being favorable to its position. We have carefully examined these authorities and do not find them apposite. It is axiomatic that possession is a fact and each case must rest upon its own peculiar circumstances.
*525 After hearing and observing the witnesses who testified, the judge a quo rejected plaintiff’s demands and dismissed its suit. We are of the opinion that the judgment from which appealed is correct, as plaintiff has failed to sustain the legal burden of proving its possession of the particular portion of the plot of ground on which the disturbance occurred. The judgment, therefore, is affirmed at appellant’s cost.
McINNIS, J., is recused.