## KEMP v. TOWN OF INDEPENDENCE
### et al.
### No. 1380.

Court of Appeal of Louisiana.
First Circuit.

June 30, 1934.

Ponder & Ponder, of Amite, for appellant.

S. S. Reid, of Amite, for appellees.

MOUTON, Judge.

The defendant town, while proceeding to open the western portion of Second street within its corporate limits, was enjoined by plaintiff herein who claimed it was part of her property which could not be taken except on proper expropriation proceedings.

The injunction was dismissed.

Plaintiff appeals, devolutively.

In 1854 the land involved in this litigation was acquired by W. B. Benson and James Clarke.

A plan or plat of this land on which is written "town of Independence, Township 5, Range 7 E.," was filed for registry in Tangipahoa parish in 1870, and was recorded November 28, 1871. This plat is signed, James Clarke.

This plat shows that the land was subdivided in blocks and streets running north and south, east and west. On this plat appears Second street, which runs east and west and which is crossed on the east by Railroad avenue. From that point going west to Pine street, Second street has been opened for over twenty years.

The town of Independence, defendant, through its representatives, was engaged in opening Second street west of Pine street when it was enjoined by plaintiff claiming that the town could not thus proceed to open that portion of the street which was in her possession but had to resort to expropriation proceedings.

Counsel for plaintiff cites Hatch v. Arnault, 3 La. Ann. 482; City of Alexandria v. Thigpen, 120 La. 294, 45 So. 253, in support of the doctrine that the intent to dedicate property to public use for street purposes must be clearly and unequivocally manifested on the face of the deeds and maps relied on by the party alleging dedication.

This rule of law is well established in the jurisprudence of this state. The registering of this plat by Clarke on the public rec-

ords of Tangipahoa parish, and the only one, it is proper to remark, appearing in these records in reference to the town of Independence, shows, in our opinion, that it was the clear and unequivocal intention of Clarke to dedicate the streets mentioned on the map, for public purposes. This plat or plan, as we see it, is not susceptible of any other reasonable construction.

Several copies of authentic sales have been filed as evidence in the record which show that they were made in reference to the blocks enumerated on the plat and with reference to streets, though not names, which run between those blocks or lots of ground. It is impossible, with such evidence, to escape the conclusion that these sales were made in reference to that plat or plan.

In the sale to John A. Buck, plaintiff's author, the deed refers to a street dividing blocks 9 and 10. The same reference is made in the deed from John A. Buck to plaintiff herein. The plat shows that Third street, as designated thereon, runs between blocks 9 and 10, as marked on the plat.

In the case of Leland University v. the City of Orleans, 47 La. Ann. 100, 16 So. 653, the court said a sale of lots with reference to a plat, when bounded by streets, will amount to an immediate and irrevocable dedication of the latter, binding on both the vendor and vendee. See, to the same effect, Town of Vinton v. Lyons et al., 131 La. 673, 60 So. 54; Flournoy v. Breard, 116 La. 224, 40 So. 684.

In Heirs of Leonard v. City of Baton Rouge, 39 La. Ann. 275, 4 So. 241, the court said: "Land, after being set apart for public use, and enjoyed as such, and private and individual rights acquired with reference thereto, the law considers it in the nature of an estoppel in pais, which precludes the original owner from denying the dedication."

James Clarke, the original owner, or his heirs, would certainly be estopped from denying the dedication of the streets, as appears on the plat, and which were evidently dedicated for public purposes.

Since this original dedication by Clarke, plaintiff has, through mesne conveyances, acquired a lot of ground and has fenced in the portion of Second street from Pine street, of which she claims she cannot be dispossessed by defendant town in the way it has proceeded.

■ This portion of Second street occupied by plaintiff had, as before shown, been unquestionably dedicated to public use before plaintiff acquired the lot of ground, under her title. The strip of land on Second street through its whole length had been dedicated to public use. Lands so dedicated, as was said in City of Shreveport v. Frank Walpole, 22 La. Ann. 526, are "from the moment of the dedication out of commerce and are not subject to individual or private ownership"; and "the form of the dedication is of no consequence." Pickett v. Brown, 18 La. Ann. 560; City of Baton Rouge v. Bird, 21 La. Ann. 244.

■ As the strip of land constituting Second street, including the western portion from Pine street, occupied by plaintiff, had, when she acquired her land, been dedicated to the public, it was therefore out of commerce, and consequently not subject to "individual or private ownership." It is obvious that she could not and did not acquire title to any part of Second street.

Plaintiff in her petition for the injunction prays to prohibit defendant from usurping her ownership of the street, but she does not ask to be recognized as owner by virtue of her title or by the prescription of ten or thirty years.

In the brief of counsel for plaintiff, they take the position that, by the effect of the nonusage by defendant town of the western portion of the street occupied by plaintiff, the prescription of ten years applies against the town and to the benefit of plaintiff. In support of this contention, plaintiff refers to the case of Paret v. Louisiana Highway Commission, 178 La. 454, 151 So. 768.

The doctrine there recognized has reference to the right of passage or of servitude acquired by a parish under sections 3369, 3370, Revised Statutes. In that case, it was held, as it could not be otherwise, that the fee to the land remained in the owner of the soil.

It is fundamentally different where the land is dedicated, as a street, for public purposes, because in such a case, from the moment of the dedication, the owner is completely and irrevocably divested of his title thereto and which is vested in the public for common use, as are public things, under the provisions of article 454, C. C., and which are subject to the administration of cities, towns, villages, or municipalities where such streets happen to be situated.

Counsel for plaintiff make the point that the plat by James Clarke was recorded in 1871; that there was then no town of Independence to which it could be made, as this town was incorporated in 1912, and conse-

**58**

quently there was no town in existence to accept the dedication.

In C. J. vol. 18, p. 77, § 73, it is there said the dedication need not be accepted by the city, county, or other public authorities.

The "user" by the general public is an acceptance, according to the rule in the above section of C. J.

It appears from the evidence that for over twenty-five years before the question here involved arose, and we have no doubt prior even to that period, the defendant town exercised supervisory authority over Second street, westward, from Railroad avenue to Pine street.

■ Under our laws, when a dedication is made, the dedicator is irrevocably divested of his ownership, and the thing dedicated is out of commerce, and is not susceptible of private or individual ownership. It seems to us, under such a doctrine, the time at which the acceptance should be made is not of much importance.

In the case of the City of Shreveport v. Walpole, 22 La. Ann. 526, "an open space" on the plat of the city of Shreveport was in dispute involving an issue similar to the question about the street in contest herein. This plat was made about the year 1837, two years prior to the incorporation of the city, in 1839. In 1848, about ten years thereafter, the city took possession of this "open space," as was indicated by an ordinance of the city. The court made no reference to the fact that some ten years had elapsed between the filing of the plat and the control of the "open space" by the city. The court, on the contrary, said: "The inference is not easily to be avoided, that the open or vacant space within the town limits, then and now shown by the maps, was intended by the founders of Shreveport to be a dedication to public uses," etc.

■ Property dedicated to public use cannot be acquired by prescription. Faunce v. City of New Orleans (La. App.) 148 So. 57.

Plaintiff does not claim ownership by prescription, but could not have so acquired title to the portion of Second street fenced in by her had she asserted title thereto by prescription.

■ In the case above cited, it was also held that the failure of the city to open the street for use did not affect the original dedication. This ruling applies here.

In the case of Jean Lafitte v. City of New Orleans, 52 La. Ann. 2099, 28 So. 327, the court held it was the right of the city authorities to say when a street should be opened, and that in enforcing this authority the city was exercising its police powers.

■ The public is entitled to the enjoyment of a street to which an individual cannot claim possession until ousted by a petitory action. Martin v. City of Lafayette, 162 La. 262, 110 So. 415.

■ The same principle obtains here against the contention of plaintiff that the defendant town could not order the opening of Second street except by expropriation proceedings.

This right could be exercised by defendant under its police power without resorting to an expropriation suit.

The injunction was therefore correctly dismissed.

Judgment affirmed.