78 So.2d 14 (1955)
Mrs. Bessie Youngblood LOCKE et al., Plaintiffs-Appellants,
v.
C. S. (Bill) LESTER, Defendant-Appellee.
No. 8280.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1955.
Rehearing Denied March 8, 1955.
Writ of Certiorari Denied April 25, 1955.
G. F. Thomas, Jr., Natchitoches, for appellants.
Watson & Williams, Natchitoches, for appellee.
GLADNEY, Judge.
This, an action for the establishment of a boundary between the Marthaville Cemetery and the property of defendant, was instituted by eleven plaintiffs. Pursuant to orders of the court and demands of the petition a survey of the boundary line was had, and a plat and proces verbal of the survey of Louis J. Daigre, registered surveyor, was filed as a part of the record of this case. It discloses an encroachment by defendant upon the east portion of the cemetery tract. *15 After trial the court a quo sustained a plea of prescription of thirty years filed on behalf of the defendant and rejected the demands of plaintiffs. From the judgment plaintiffs have perfected a devolutive appeal to this court.
The cemetery, as does the adjacent land of defendant, lies within the northwest quarter of the northwest quarter of Section 28, Township 9 North, Range 10 West, Natchitoches Parish, Louisiana, which governmental subdivision was acquired by Mrs. Martha Rains from the Succession of John J. Rains, at a public sale on May 28, 1895. Shortly after her acquisition of the said northwest quarter of the northwest quarter, it was sold to T. J. Jackson, with the following exception:
"excepting five 1/6 acres lying in the SW Corner of the above described 40 acres of land and Known as the public graveyard and described as beginning at SW Corner of the above described 40 acres of Land where said lands corner with lands of Thos. J. Rains & running E 120 yards thence N 2085/12 yards thence West 120 yardsthence S 208 5/12 yards to place of beginning."
Defendant traces his title to T. J. Jackson and each conveyance in his title chain preserves the above exception. Defendant acquired the property adjacent to the cemetery in 1951.
The accuracy of the survey is not contested but defendant asserts his right to retain in his possession a portion of the 5 1/6 acres east of the cemetery fence and beyond the limits of his own recorded title. The following contentions are made by counsel for appellee:
(1) There was never a proper dedication; (2) These plaintiffs have no actual or real interest in the land and hence are without legal capacity to bring this suit; (3) Defendant has acquired the property by estoppel or prescription of ten, twenty and thirty years.
Appellee has challenged by exception of no cause or right of action the legal efficacy of the dedication of the graveyard tract in favor of the public. It is averred there was no actual dedication of the 5 1/6 acres and there was never any passive or tacit acceptance of any of the land set apart by Mrs. Rains other than that portion under fence lying west of the property claimed by appellee.
The record indisputably shows the graveyard has been continuously used for more than half a century, and subsequent to 1941 its grounds have been carefully tended. Burial is, and always has been open to the general public. There are no restrictions or conditions imposed upon the right of anyone to be buried in this cemetery, nor is there any regulatory authority. Maintenance is achieved through voluntary efforts of those who have relatives interred there.
We are of the opinion the reservation of said tract of land for use by the public as a burial ground or cemetery and its continuous use by the general public since it was set apart as a burial ground, is legally sufficient to dedicate said property for public use. In Humphreys v. Bennett Oil Corporation, 1940, 195 La. 531, 197 So. 222, 227, where under consideration was a plot of ground which had been transferred to a church for church and cemetery purposes, the court held that by making herself a party to the deed the vendor showed unmistakably an intention to set the lot apart for church and cemetery purposes to be devoted and consecrated to those purposes only. In the opinion Justice Odom said:
"It is our opinion, and we hold, that the dedication of this plot of ground for cemetery purposes was complete, and, since plaintiffs relied in good faith on the dedication made by the owners of the land and buried their relatives there under permits, it follows that they acquired rights therein which could not be divested by any subsequent disposition made of the property either by the fee owners or the churches, or both.
"The one-acre plot of ground having been set apart for a cemetery and its use for that purpose having been accepted *16 by these plaintiffs and many others, neither the fee owners nor the churches could later use, or empower another to use, it for any purpose inconsistent with the use for which it was dedicated. * * *"
Where the intent of the transferor has been to abandon certain property for public use and the property is used by the general public, the dedication thereof will be regarded as complete without necessity of formal acceptance by a public or quasi public corporation. Pickett v. Brown, 1866, 18 La.Ann. 560, 563; City of Shreveport v. Walpole, 1870, 22 La.Ann. 526, 529; Wilkie v. Walmsley, 1931, 173 La. 141, 136 So. 296; Faunce v. City of New Orleans, La.App. 1933, 148 So. 57; Anderson v. Thomas, 1928, 166 La. 512, 117 So. 573; Kemp v. Town of Independence, La.App.1934, 156 So. 56.
A parcel of land or property dedicated for use by the general public as a cemetery and which continues to serve that public purpose, is classified as a public thing under provisions of the LSA-Civil Code, and as such it is not susceptible of ownership, cannot be alienated and is not subject to prescription. LSA-Civil Code Articles 453, 454, 458, 481, 482 and 483. Louisiana Highway Commission v. Raxsdale, La.App. 1943, 12 So.2d 631; City of New Orleans v. Salmen Brick & Lumber Co., 1914, 135 La. 828, 66 So. 237.
Defendant's exception of no cause or right of action also raises the issue of whether or not plaintiffs have sufficient interest to entitle them to institute this action. Article 15 of the Code of Practice declares that an action can only be brought by one having a real and actual interest, but as soon as that interest arises he may bring his action. Plaintiffs, it must be conceded, do not have a recorded title to so much as even a burial plot within the cemetery tract. Their legal right to bring this action may rest upon purely a personal interest in preserving the graveyard since it is the burial ground of members of their family, or because each of them may wish to be buried alongside their departed relatives or the legal right can be said to belong to any citizen of the community. No express statutory right of action is given plaintiffs, yet it is generally recognized there are a number of cemeteries such as the one in the instant case where the ground has been set apart for general public use, is regarded by the community as sacred soil, and a cause of action is allowed a litigant when the graves of his family in such a public cemetery are disturbed or desecrated. Humphreys v. Bennett Oil Corporation, 1940, 195 La. 531, 197 So. 222. In the cited case, an action under Article 2315, it was contended the court had no right to consider testimony to show that other graves in which plaintiffs had no individual interest were, in fact, destroyed, the defendants asserting plaintiffs should be limited to showing the graves of their relatives and the monuments erected to them were physically disturbed and that the testimony should extend no further. What the court stated, we think, is pertinent to the issue presented herein. The court, 197 So. on page 228, declared:
"These plaintiffs have an interest not only in the particular spots where their relatives are buried, but also a sentimental interest, at least, in the cemetery as a whole, and therefore such flagrant violation, as here shown, of the sanctity of any part of this small plot was calculated to cause mental anguish and suffering to those who have relatives buried there.
"Regardless of the laws and rules relating to the ownership and control of real property, when a plot of ground is set apart for cemetery purposes, and burials are made in the land, the ground changes its character in the minds and feelings of the community. `It assumes a sacred quality that overrides conveyancers' precedents and requires freedom from profanation until, by abandonment and removal of the bodies or by complete disintegration, there remains nothing to appeal to the emotions of the survivors.' The Law of Cadavers, by Jackson, p. 206."
*17 And the court approved the following quotation from Choppin v. Dauphin, infra:
"So, in the case at bar, while plaintiffs do not own, in a strict legal sense, an interest in the cemetery, they do have a `species of interest or form of title' therein." Choppin v. Dauphin, 1896, 48 La.Ann. 1217, 20 So. 681, 683, 33 L.R.A. 133.
In State ex rel. Schoeffner v. Dowling, 1925, 158 La. 706, 104 So. 624, the Supreme Court pointed out a distinction to be made in rights to bring actions affecting public things. Where the state is affected in its sovereign capacity the action must be instituted by the proper public officer. On the other hand when the right affects peculiarly the general public any member of the state may institute the action. Our LSA-Civil Code places the Marthaville Cemetery within the classification of inalienable public things for the common use of the general public. It follows, therefore, these plaintiffs, eleven in number, have such "a species of interest or form of title" that entitles them to bring this action. See Anderson v. Thomas, 1928, 166 La. 512, 117 So. 573; Kemp v. Town of Independence, La.App. 1934, 156 So. 56.
The foregoing authorities require that the exceptions of no cause and no right of action be overruled.
The remaining defenses presented include a plea of estoppel and several pleas of prescription. The trial court sustained the plea of prescription filed by the defendant herein. Counsel informs us the plea so sustained was a plea of thirty years prescription, acquirenda causa. Before this court counsel also urges prescriptions of ten and twenty years, predicated on articles 3548 and 853 of the LSA-Civil Code. Ample authority is set forth above, we think, to disclose that the 5 1/6 acres constituting the Marthaville Cemetery is and has been for more than half a century property dedicated to public use, and as such has become a public thing, which is not susceptible to any form of alienation whether it be in the form of estoppel, prescription or otherwise. From this it must follow that the court a quo was in error in sustaining the plea of prescription.
Our findings as stated herein require that the judgment from which appealed should be and it is hereby reversed. The pleas of prescription and plea of estoppel filed by the defendant herein are overruled.
It is further ordered that there be judgment in favor of Mrs. Bessie Youngblood Locke, Mrs. Edna Middleton, Mrs. Lillie Burgess, Mrs. Rubie Thigpen Looney, Mrs. Robert A. Massey, Robert A. Massey, Robert J. Rawls, Mrs. Nettie Youngblood Rawls, James A. Bailes, Robert Roe and J. Houston Brock, and against C. S. (Bill) Lester, approving and homologating the proceès verbal of Louis J. Daigre, surveyor, duly appointed by the court and the sketch thereto annexed; and ordering that the boundary line between the respective properties of the Marthaville Cemetery and defendant be fixed in accordance with said procegrave;s verbal and sketch as per date of April 15, 1953, and which were filed in this matter on June 23, 1953, and are hereby made a part of this judgment.
It is further ordered, adjudged and decreed that the defendant be and he is hereby ordered to remove east of the boundary line as herein fixed, all buildings or improvements erected by him and now encroaching upon the property of the Marthaville Cemetery as shown by the said procès verbal and sketch of Louis J. Daigre, dated April 15, 1953.
It is finally ordered, adjudged and decreed that the defendant pay all costs of suit, including the cost of this appeal.