REID, Judge.
This is a petitory action by the Village of Folsom, Louisiana, seeking to have the ownership determined of a strip of land extending from the northern boundary to the southern boundary of the Village of Folsom, being 175 feet in width and known as Railroad Avenue, in accordance with an act of dedication in 1904 by one George M. Fendlason and a plat of survey by one J. M. Yates, then Parish Surveyor.
Plaintiff alleges that the act of dedication reads as follows:
“We Fendlason Brothers of the Parish of St. Tammany, State of Louisiana, sole owners of the plot of land hereon shown do hereby dedicate the annexed described on this plan the same to be and remain forever streets and avenues of the dimensions herein and fully shown on said plan to be devoted to these purposes and for the purpose of beautifying the town and same to be used in perpetuity for no other purpose, private or public, the whole in accordance with an act of dedication and establishment of servitude.
Fendlason Bros, by George M. Fendlason. Passed before H. R. Warren, Clerk and ex-officio Notary Public for the Parish of St. Tammany, Louisiana, June 8th, 1904.
s/ H. R. Warren”
The plat filed with the dedication had inscribed thereon the following:
“ * * * Squares 300 ft. each way. Lots 60 by 140. Streets 72 feet except Canton, Camp, Willow, and Garfeild which are 60 feet. Cleveland Avenue is 80 feet. R.R. Ave. 175 feet. For other information see Plat. Alleys 20 ft. Surveyed last week in June, 1904.
s/ J. M. Yates
Parish Surveyor”
The land dedicated consisted of the South Half of the Northwest Quarter and the North Half of the Southwest Quarter of Section 10, Township 5 South, Range 10 East, and now constitutes the Village of Folsom in St. Tammany Parish, Louisiana.
Plaintiff further alleges that immediately after filing the dediction and plat, George M. Fendlason began to sell lots from the plat he had recorded. Two lots were conveyed with specific reference to the recorded plat and were described as being bounded by East Louisiana Railroad Avenue or by Railroad Avenue, which plaintiff contends shows a recognition by the subdivider of the dedication.
The defendants in this matter are Varna-do Mizell, Vincent Prieto, Henry H. Blackwell, Walter Alford, Mrs. D. A. Core, David L. Core, Alice Core Caserta, and *591 George E. Core, all of whom it is alleged are asserting adverse claims of ownership to the property in dispute.
No pleadings were filed by or on behalf of Mr. Varnado Mizell and although it is indicated that the judgment obtained against him was taken as a default judgment there is nothing in the record or the extract of minute entries to reflect that a preliminary default was actually taken.
Mrs. D. A. Core, David L. Core and George E. Core filed answers in proper person. It does not appear from the record that they made appearance in Court in person or through counsel and it does not appear from the record that they were ever notified of the trial. Furthermore, no notice of judgment was served on them as required by Article 1913 of the Louisiana Code of Civil Procedure which reads in pertinent part as follows:
“Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.”
Exceptions of no cause and no right of action were filed on behalf of Vincent Prie-to and Walter Alford, who were represented by counsel, and the exceptions were tried, submitted and overruled. In the exceptions counsel appeared on behalf of Vincent Prieto but in an answer subsequently filed Vincent Prieto’s appearance is through Mrs. Ethel Prieto, appearing as Curator for Vincent Prieto, interdict. An examination of the record shows that on the reverse side of the service of citation the Sheriff’s return shows the following:
Henry H. Blackwell was represented by counsel and answer was filed on his behalf.
“On the 21st day of Nov_, 196_4 , I served a true copy of the within citation & petition , on Vincent Prieto_I-N-P-ER-SQN AT DOMICILE WITH Mrs. Vincent Prieto (wife)_ in St. Tammany Parish, a distance of__miles from the Court Plouse.
/s/ Ralph
DEPUTY SHERIFF OF ST. TAMMANY PARISH”
There is nothing in the record to indicate that Vincent Prieto is an interdict nor does the judgment rendered show that it was rendered against Vincent Prieto as an interdict. Neither does the record indicate that appearance was made through Mrs. Ethel Prieto, Vincent Prieto’s Curator.
The case was assigned for trial and the following appearances were indicated: Mr. Walter Horrell for Village of Folsom, Plaintiff; Mr. Victor Blackwell for defendants Mr. Vincent Prieto and Mr. and Mrs. Walter Alford; and Mr. Wallace Edwards for Mr. Henry Blackwell. Mrs. Walter Alford does not appear as a party defendant, was not cited, and is not named in the judgment.
Judgment was rendered in favor of plaintiff, Village of Folsom, and against Varna-do Mizell, Vincent Prieto, Henry H. Blackwell, Walter Alford, Mrs. D. A. Core, David L. Core, Alice Core Caserta, and George E. Core, declaring plaintiff to be the true and lawful owner of two strips of land *592 measuring 40 feet in width, the measurement being made from the East and West boundaries, respectively, toward the center for a distance of forty feet on each side, of the following described property, to-wit:
“A certain strip of land located within the corporate limits of the Village of Folsom, St. Tammany Parish, Louisiana, extending from the northern boundary to the southern boundary of said Village of Folsom, being one hundred and seventy-five feet in width and known as Railroad Avenue, all in accord with an act of dedication by George M. Fendlason, and a plat of survey by J. M. Yates, Parish Surveyor, filed in the records of the Clerk of Court of St. Tammany Parish, Louisiana.”
Judgment was also rendered in favor of the defendants and against the plaintiff, declaring the said defendants to be the true and lawful owners of the remainder of Railroad Avenue, described above, after the deduction of the two forty foot strips therefrom.
None of the defendants appealed nor answered plaintiff’s appeal and none of them made appearance before this Court, nor were briefs filed on their behalf.
In view of the various procedural defects set forth above which affect all of the defendants except Walter Alford and Henry Blackwell, it is the opinion of this Court that this case should be remanded to the District Court in order that the defects may be cured. It is apparent from the face of this record that the judgment rendered is defective and that no appeal could be taken from that judgment against the following defendants for the following reasons:
Varnado Mizell: No record of preliminary default.
Alice Core Caserta, Mrs. D. A. Core, David L. Core and George E. Core: No notification of trial and no notice of judgment. Vincent Prieto: No evidence in the record other than filing of answer to indicate that Vincent Prieto was an interdict, nor is judgment rendered against Vincent Prieto as an interdict
For the above and foregoing reasons the case is remanded to the Trial Court for disposition in accordance herewith.
Remanded.