204 So.2d 100 (1967)
VILLAGE OF FOLSOM, Plaintiff-Appellant,
v.
Walter ALFORD et al., Defendants-Appellees.
No. 6932.
Court of Appeal of Louisiana, First Circuit.
November 13, 1967.
*101 Walter J. Horrell, Covington, for appellant.
Defendants made no appearance in this Court.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
The Village of Folsom instituted this petitory action in order to ascertain the ownership of a strip of land 175 feet in width, known as Railroad Avenue, which extends from the northern to the southern boundary of Folsom. When this matter was first before us it was remanded for the purpose of correcting certain defects which appeared in the record. See Village of Folsom v. Alford et al., La.App., 196 So.2d 589. Said defects having been corrected we now consider the case on its merits.

STATEMENT OF FACTS
The facts in this case and upon which the trial judge based his decision are not in serious dispute. On June 8, 1904, George M. Fendlason, representing himself and H. M. Fendlason, filed with the Clerk of Court and Recorder of Mortgages for the Parish of St. Tammany a plat of survey by J. M. Yates, Parish Surveyor of the Town of Folsom, covering a parcel of land in Section 10, Township 5 South, Range 10 East, *102 Greensburg District, St. Tammany Parish, Louisiana, which plat contains thereon the following:
"Dedication, Covington, La.
June 8th, 1904
We Fendlason Brothers of the Parish of St. Tammany, State of Louisiana, sole owners of the plot of land hereon shown do hereby dedicate the annexed described on this plan the same to be and remain forever streets and avenues of the dimensions herein and fully shown on said plan to be devoted to these purposes and for the purpose of beautifying the town and same to be used in perpetuity for no other purpose, private or public, the whole in accordance with an act of dedication and establishment of servitude. Fendlason Bros. by George M. Fendlason. Passed before H. R. Warren, Clerk and ex-officio Notary Public for the Parish of St. Tammany, Louisiana, June 8th, 1904.
 s/ H. R. Warren Clerk
 & Exofficio Notary Public
Ne Varietur
For identification with act of dedication and establishment of servitude passed before me this day. Covington, La., June 8th, 1904.
 s/ H. R. Warren, Clerk &
 Exofficio Notary Public"
Also shown on said plat is the following certificate by J. M. Yates, Parish Surveyor:
"* * * Squares 300 ft. each way. Lots 60 by 140. Streets 72 feet except Canton, Camp, Willow, and Garfield which are 60 feet. Cleveland Avenue is 80 feet. R.R. Ave. 175 feet. For other information see Plat. Alleys 20 ft.
Surveyed last week in June, 1904.
 s/ J. M. Yates
 Parish Surveyor"
Shortly after the recordation of the aforementioned survey, the Fendlason brothers sold lots to the public. The lots were conveyed with specific reference to the recorded plat and were described as being bounded by "E. La. R.R. Avenue" or "R.R. Avenue," the latter terms being used interchangeably. One such sale was executed on October 28, 1904 and duly recorded on the 5th day of November, 1904.
On May 26, 1905 George M. Fendlason, appearing individually and as owner conveyed to East Louisiana Railroad Company:
"A strip of land One Hundred and seventy five feet (175) in width, being One Hundred (100) feet on the East side of the center line of the Railroad track of said Railroad Company, and seventy five (75) feet on the west side of said Railroad track as said Railroad track is now laid down and located over upon and across the following described lands in the Parish of St. Tammany, Louisiana, to-wit: The South ½ of the N.W.¼, and the North ½ of the S.W. ¼, of Section 10, in Township 5 South, Range 10 East, St. Helena Meridian, and through the Town of Folsom, which town has been platted and laid out by me on said lands, * * *"
While the above description indicates that on May 26, 1905, the date the strip of land was purportedly conveyed to East Louisiana Railroad, that the tracks were in existence, the record fails to indicate whether or not the said tracks were in existence on November 5, 1904 when the plat was recorded.
Houses and commercial establishments were erected along both sides of Railroad Avenue and the public used both the east and west sides for north and south bound traffic. The testimony does not indicate that the entire length of Railroad Avenue was used but it clearly indicates use by the public between Canton Street on the north and Garfield Street on the south, a distance of four of the eight blocks comprising the length of the avenue. The portions then used paralleled the railroad tracks at distances varying from 10 to 75 feet. At the *103 time of the trial only the east side of the old railroad bed between Cleveland Avenue and Broadway Street, a distance of one block, was open to public use.
On March 12, 1915, the Village of Folsom was incorporated and Mr. George M. Fendlason served as mayor. Sometime thereafter, Folsom became dormant, East Louisiana Railroad Avenue fell into disuse, and East Louisiana Railroad abandoned operations.
On February 7, 1938, the New Orleans Great Northern Railway Company, successor to East Louisiana Railroad Company, for the recited consideration of $10.00 conveyed to D. A. Core the entirety of Railroad Avenue. This sale was made without warranty.
The defendants, with the exception of Varnado Mizell, herein derived their title through conveyances which originated with said D. A. Core.
The Village of Folsom between the years of 1928 and 1947 elected no officers and did not function as an incorporated village. The reason assigned by one of the witnesses was that municipal funds became non-existent in 1928 and that the village was without any revenue with which to carry on its regular and normal functions and remained under this handicap until revenues were available from the state tobacco tax. In 1947 Mr. William P. Dyess became mayor and Folsom has since continued to operate as an incorporated village with regular officers.
All of the defendants have exercised possession over the portions of the avenue which they claim, either by building homes or fencing in certain portions. Due to the fact that this avenue is presently closed, the lot owners facing the avenue have no means of ingress or egress other than an alley which is 20 feet in width and runs through each square. The plaintiff urges that it is its intention to open Railroad Avenue for the public use in accordance with the declaration of George M. Fendlason and are prevented from doing so by the six defendants named in the petition.
Plaintiff asserts that Railroad Avenue was dedicated for public use in 1904 and that, as a result, it owns the avenue in its entirety. Defendants urged in the trial court that the Village of Folsom was not incorporated at the time of the dedication nor did it accept the dedication following its incorporation either formally or by use; and, alternatively, that the aforementioned plat did not dedicate Railroad Avenue and hence Fendlason's sale to East Louisiana Railroad Company was a valid one.
The trial judge, in his written reasons for judgment, stated that a strip of land 30 or 40 feet in width along both the eastern and western sides would have been ample space for passageway for the public at the time the railroad was built. The above statement was apparently predicated on the conclusion that there was a tacit dedication and this, coupled with non-use of portions of the avenue, resulted in an abandonment of the unused portions thereof. In accordance with these views, the trial judge rendered judgment in favor of the Village of Folsom and against the named defendants, "declaring plaintiff to be the true and lawful owner of two strips of land measuring forty (40) feet each in width, the measurement being made from the East and West boundaries, respectively, * * *" of said avenue. He further held that defendants were entitled to the remaining 95 feet located between the two forty (40) feet strips.
Plaintiff appeals from this judgment and urges that it is entitled to the entire strip of 175 feet. Defendants have neither answered the appeal nor filed briefs in opposition to or in support of the judgment of the district court.

TYPE OF DEDICATION
Our jurisprudence has consistently recognized two types of dedications of lands for public use, viz., statutory (formal) *104 or implied "common law" (informal) dedication. In the statutory dedication title of the property vests in the public while in that of a "common law" dedication only a servitude is granted operating by way of an estoppel in pais. Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. 229, 240; Life v. Griffith, La.App., 197 So. 646, 647; Collins v. Zander, La.App., 61 So.2d 897; Parish of Jefferson v. Doody, 247 La. 839, 174 So.2d 798. See also 13 Tulane Law Review 606; 25 Tulane Law Review 88; Yiannopoulos, Civil Law of Property, § 35.
The statutory law prescribing a method of dedication of lands for public use is Act 134 of 1896 (now LSA-R.S. 33:5051), which is basically a penal statute enacted for the protection of purchaser of lots in tracts subdivided and sold by the owner under a recorded plan. Said act requires the following:
(1) The section, township and range in which such real estate lies according to govenment survey;
(2) The number of squares by numerals from one up and the dimensions of each square in feet and inches;
(3) The number of each lot or subdivision of a square and its dimensions in feet and inches;
(4) The name of each street and alley, its length and width in feet and inches;
(5) The name and number of each square or plat dedicated to public use;
(6) A certificate of the Parish Surveyor of the Parish wherein the property is situated "* * * in the correctness of the map" and
(7) A formal dedication to public use made by the owner of all of the streets, alleys and public squares shown on the map.
Act 181 of 1902 (now LSA-R.S. 33:31) provides:
"If any person desires to found a city, town, or village on his land, he shall cause a survey of the land to be made and file a plat thereof, neatly made on good and durable tracing cloth, in the office of the recorder of the parish in which the land is situated, describing its exterior boundaries according to the survey; giving the name of the city, town or village to be founded; and exhibiting its streets, alleys, sidewalks, or paths, squares, if any, blocks, and lots; and giving the size of the same, with the measurements of the same and the names or numbers of the streets and alleys, the names of the public squares, the number of the blocks, and the number of each lot in the various blocks. He shall further execute and cause to be recorded in the office of the recorder of the parish in which the land is situated an act in which he dedicates the use of the streets, alleys, and sidewalks to the traveling public and the public squares, if any, for the purpose of recreation and for the purpose of being ornamented with shrubberies and shade trees."
It is clear to us that the plat and survey of the Village of Folsom placed on the public record by George Fendlason fully complied with the above statutory provisions and that as a result thereof title to the streets as shown thereon immediately vested in the public from the date of its recordation on June 8, 1904. The affidavit of George M. Fendlason explicitly dedicates "the same to be and remain forever streets and avenues of the dimensions * * * fully shown on said plan * * * to be used in perpetuity for no other purpose * * *" Supporting this affidavit is the certificate of J. M. Yates, Parish Surveyor, prescribing the exact dimensions of each square, lot, street and alley, with particular reference to "R.R. Ave. 175 feet".
Our jurisprudence has clearly established that all that is necessary to effect a statutory dedication is substantial compliance with the statute in effect. Parish of *105 Jefferson v. Doody, 247 La. 839, 174 So.2d 798; Metairie Park, Inc. v. Currie, 168 La. 588, 122 So. 859; Life v. Griffith, supra. Thus, where the evidence shows that a landowner has taken some deliberate and affirmative action or step in compliance with the applicable statute, indicating a purpose and an intent to dedicate certain streets and avenues a formal dedication has occurred. Goree v. Mid-States Oil Corp., 205 La. 988, 18 So.2d 591, 592; Bell v. Tycer, La.App., 97 So.2d 448. In Deville v. City of Oakdale, La.App., 180 So.2d 556 the court stated:
"We think the jurisprudence is now established that the failure to comply with such formalities of the statute does not prevent the dedication of streets becoming effective. When lots are sold with reference to a recorded subdivision plat showing streets, these streets become dedicated to public use, regardless of the formal requirements of the statute." (Citations omitted)
Beyond the peradventure of a doubt Fendlason effectively dedicated the Railroad Avenue to the public. Not only is the act of dedication and recorded plat in substantial compliance with the provisions of LSA-R.S. 33:31 and 33:5051, but the Fendlason brothers also conveyed certain lots with specific reference to the recorded plat and described the lots as being bounded by Railroad Avenue. Parish of Jefferson v. Doody, supra.
Having made a statutory dedication of Railroad Avenue, Fendlason was powerless to subsequently convey valid title to the East Louisiana Railroad, or anyone else:
"Under our laws, when a dedication is made, the dedicator is irrevocably divested of his ownership, and the thing dedicated is out of commence, and is not susceptible of private or individual ownership." Kemp v. Town of Independence, La.App., 156 So. 56; Locke v. Lester, La.App., 78 So.2d 14.
Defendant's contention that since Folsom was unincorporated at the time of the dedication it was without capacity to accept same is without merit. The Supreme Court in Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 206, stated:
"The owner of lands may devote and dedicate them to public use, and it is now well-settled law that a dedication of lands to public use does not require the existence of a corporation in which to vest the title. Such a dedication will be valid without any specific grantee in existence at the time of the dedication. * * *"
See also Kemp v. Town of Independence, La.App., 156 So. 56.
Defendants further urge that the Village of Folsom lost its right to the avenue through prescription because said avenue fell into disuse and subsequently the various defendants had peaceable and uninterrupted possession over the years. This argument is of no avail to defendants because if there is, at any time, a dedication, no one thereafter is able, by prescription to acquire title to the dedicated property. City of New Orleans v. Carrollton Land Co., 131 La. 1092, 60 So. 695, 696; Johnston v. City of New Orleans, supra; Kemp v. Town of Independence, supra.
For reasons hereinabove stated, we find that the trial judge committed an error in law in his failure to hold that the Village of Folsom was not entitled to the use of the entire area of East Louisiana Railroad Avenue according to the official plat of the said Village as a dedicated street. The trial judge must have concluded that the said dedication was not statutory in form when he granted to the Village the use of only two 40 foot strips.
Plaintiff herein is the proper party to assert this petitory action on behalf of the public to protect public property within its boundaries. Town of Vinton v. Lyons, 131 La. 673, 60 So. 54; and City of New *106 Orleans v. Carrollton Land Co., supra Plaintiff has successfully pled and proved the essential elements of a petitory action. LSA-C.C.P. Art. 3651 et seq. and in our opinion is entitled to the relief sought.
For the above and foregoing reasons the judgment of the district court is hereby reversed and set aside and judgment is rendered herein decreeing that the Village of Folsom is entitled to the full and undisturbed possession and use of East Louisiana Railroad Avenue, consisting of a width of 175 feet, all as more particularly shown on the map of said Village by J. M. Yates, Parish Surveyor, dated June 8, 1904, and duly recorded in the office of the Clerk and Recorder for the Parish of St. Tammany, Louisiana, and, that the defendants herein are without any title or interest thereto, said avenue having been dedicated for public use. Costs of court in the trial court and on appeal are to be borne by defendants herein.
Reversed and rendered.