486 So.2d 837 (1986)
CITY OF COVINGTON
v.
Wilfred J. GLOCKNER.
CITY OF COVINGTON
v.
Weldon POOLE.
CITY OF COVINGTON
v.
Elsie GALATAS.
CITY OF COVINGTON
v.
John BRADLEY.
CITY OF COVINGTON
v.
Harry MACKIE, Jr.
CITY OF COVINGTON
v.
ESTATE OF Clara CARROL.
CITY OF COVINGTON
v.
L.W. PIERCE.
CITY OF COVINGTON
v.
ST. TAMMANY HOMESTEAD.
CITY OF COVINGTON
v.
Mrs. Charlie JENKINS.
CITY OF COVINGTON
v.
ESTATE OF Robert BADON, Viola Badon, Amelia Bascle, and Henrietta Schexnayder.
CITY OF COVINGTON
v.
Doris MONTGOMERY.
CITY OF COVINGTON
v.
Jeron FITZMORRIS.
CITY OF COVINGTON
v.
Philip BURNS. *838
CITY OF COVINGTON
v.
Gloria DAVID.
CITY OF COVINGTON
v.
Barton HEBERT.
CITY OF COVINGTON
v.
Philip PFEFFER.
CITY OF COVINGTON
v.
Michelle HAIK.
CITY OF COVINGTON
v.
Charles LeBLANC.
CITY OF COVINGTON
v.
H.J. SMITH AND SONS, a Louisiana Corporation and/or Partnership, and J. Louis Smith, Individually.
CITY OF COVINGTON
v.
MARSOLAN FEED & SEED STORE, INC.
CITY OF COVINGTON
v.
Julian CARRUTH.
CITY OF COVINGTON
v.
Archie R. SMITH, Jr.
CITY OF COVINGTON
v.
R.S. BLOSSMAN, Jr.
CITY OF COVINGTON
v.
Philip M. BURNS, Sr., Succession of R.F. Burns through its co-provisional administrator, P.F. Burns, Sr. R.K. Burns, Sr., and F.M. Burns, Sr.
Nos. 85 CA 0070 through 85 CA 0093.
Court of Appeal of Louisiana, First Circuit.
March 25, 1986.
Writ Denied May 16, 1986.
*839 F. Pierre Livaudais, Phillip E. Pfeffer, Edward J. Deano, Jr., Covington, for defendants-appellants.
J. Louis Smith, Jr. President, in Pro. Per.
Rykert O. Toledano, Jr., Covington, for plaintiff-appellee.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal by defendants from a partial summary judgment in favor of the City of Covington.
On March 19, 1814, John Wharton Collins recorded in the conveyance records of St. Tammany Parish the following document:
STATE OF LOUISIANA
PARISH OF ST. TAMMANY
Be it remembered, that on this nineteenth day of March in the year of Our Lord, one Thousand eight Hundred and fourteen John W. Collins deposited in this office, the plan of a portion of Land, laid out under the title, of the division of St. John of Wharton, founded the fourth of July 1813, and Humbly dedicated, to the late President of the United States Thomas Jefferson, and thereby reserving to the purchasers of Lotts, the right in common, of all Streets, Alleys, Water Courses and Timber Trees, that are within the Plan and extent of said portion of Land, and reserving to himself the privilege of extending any Square, and forming new ones according to the said Plan. In Testimony whereof I have hereunto set my hand and Seal the day and date above written
 /s/ John W. Collins
Sign'd, Seal'd and acknowledged before me, the date above written.
 /s/ James Tate
 for St. Tammany
(Recorded 19th March 1814)
The division of St. John forms an extremely old part of the City of Covington. There is an unique aspect to the division of St. John in that each square contains 16 lots, all with footage on the four surrounding streets, but each square is traversed by an alley 20 feet in width. In the center of the square, the alley broadens out and forms a small square, the dimensions of which are 120' × 120', the result being a square within a square. These small squares inside the larger squares have historically been called "ox lots," although *840 they actually are a part of the alley. Defendants are the owners and are in possession of land and improvements in the City of Covington, division of St. John, squares 2, 4, 6, 7, 8, 11, 12, 13, 14, 15, 16, 19, 20, and 23,[1] all of which contain such configurations.
The City of Covington filed suit against defendants alleging that the defendants owned or constructed buildings, fences, etc. which encroached on property dedicated to the public and requested the immediate removal of works placed and/or located upon public places. Defendants answered plaintiff's petition, denying that the subject properties had been dedicated to the public. Defendants also filed reconventional demands, claiming title by acquisitive prescription of ten and thirty years and, in the alternative, that plaintiff has abandoned the subject property by non-use as a public thing for more than ten years.
Thereafter, the City of Covington moved for partial summary judgment alleging that there is no genuine issue as to material fact and that the city is entitled to a judgment as a matter of law.
The trial judge granted plaintiff's motion for summary judgment, finding that:
(1) The "ox-lots" located within the division of St. John, City of Covington, have been irrevocably dedicated to the public;
(2) The "ox-lots" cannot be acquired by individuals by acquisitive prescription; and
(3) The public's right to the use and enjoyment of the "ox-lots" cannot be lost through liberative prescription.
From this adverse judgment, defendants appeal, contending that the trial judge erred in granting plaintiff's motion for partial summary judgment.

MOTION FOR SUMMARY JUDGMENT
LSA-C.C.P. art. 966 provides that a mover is entitled to summary judgment if the pleadings, depositions, admissions on file, affidavits, and answers to interrogatories show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983); and Manzella v. Terrebonne Parish Police Jury, 432 So.2d 414 (La.App. 1st Cir.1983). Summary judgment is not a substitute for a trial on the merits and may not be granted if there exists any real doubt as to the existence of a genuine issue of material fact. American Bk. & Trust v. Sunbelt Environmental, 451 So.2d 1111 (La.App. 1st Cir.1984); and Lytell v. Goodyear Tire & Rubber Co., supra.
The burden of showing that there is no genuine issue of material fact in dispute is upon the mover for summary judgment. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Further, all doubt concerning a dispute as to a material fact must be resolved against granting a motion for summary *841 judgment. Odom v. Hooper, 273 So.2d 510 (La.1973).
In the case sub judice, defendants contend that the partial summary judgment was improperly granted because the question of whether the "ox-lots" were dedicated to the public can only be answered by interpreting the document executed by John Wharton Collins on March 19, 1814. Defendants reason that the resolution of the issue of dedication requires evidence which should be introduced at trial on the merits.
In support of its motion for partial summary judgment, the City of Covington introduced the record in Ross v. City of Covington, 271 So.2d 618 (La.App. 1st Cir. 1972), writ denied 273 So.2d 844 (La.1973), in which this court interpreted the document executed by John Wharton Collins on March 19, 1814, and determined that these "ox-lots" and alleys were dedicated to the public by John Wharton Collins. Additionally, the maps and surveys in the record of the instant consolidated action uniformly show that defendants' various encroachments are situated in squares containing "ox-lots."
In Ross v. City of Covington, supra, this court stated at p. 620:
Louisiana recognizes two types of dedication, statutory and implied or common law. A common law dedication confers only a servitude of use on the public and such dedication must be accepted by the public to be effective. A statutory dedication is complete without the necessity of acceptance or use by the public. See Arkansas-Louisiana Gas Co. v. Parker Oil Co., Inc., 190 La.957, 183 So. 229 (1938).
The Louisiana Statute controlling statutory dedication is Act 134 of 1896 (LSA-R.S. 33:5051) which provides, in substance, that, whenever the owner of a real estate desires to subdivide the same into squares or lots with the streets and alleys, he shall first make a map of the real estate to be divided and record the same in the Conveyance Records of the Parish where the property is located. He is additionally required to note on the map, inter alia, a proper description of the alleys, squares, lots, and streets and also a formal dedication to the public use by the owner of all the lots, streets, alleys, and public squares shown on the map.
Our courts have held that when dealing with subdivisions created prior to the enactment of Act 134 of 1896, the sale of lots in accordance with a plat or plan of subdivision constituted an irrevocable dedication to the public of the streets and alleys shown thereon. Also, this same rule has been applied to subdivisions created after 1896, when the provisions of Act 134 of 1896 were not strictly complied with or were not mentioned. Parish of Jefferson v. Doody, 247 La.839, 174 So.2d 798 (1965); Iseringhausen v. Larcade, 147 La.515, 85 So. 224 (1920); Banta v. Federal Land Bank of New Orleans, 200 So.2d 107 (La.App. 1st Cir. 1967); Esposito v. Gaudet et al., 8 So.2d 783 (La.App. Orleans 1942). Thus, if it is shown that dedication occurred prior to 1896, the rights acquired by the public to the property will not be diminished in the absence of strict compliance with the requirements of Act 134.
See also Anderson v. Police Jury of East Feliciana Par., 452 So.2d 730 (La.App. 1st Cir.1984), writ denied, 457 So.2d 13 (La. 1984).
Therefore, under the holding of Ross v. City of Covington, supra, the "ox-lots" and alleys in the division of St. John, City of Covington, were formally dedicated to the public by John Wharton Collins in 1814.
The issue remaining is whether defendants can claim title to the "ox-lots" and alleys by acquisitive prescription of ten and thirty years.
Defendants contend that there is an absence of evidence in the record to support the trial judge's finding that the "ox-lots" cannot be acquired by defendants by prescription. *842 Defendants reason that the City of Covington has not exercised any interest or administration of the "ox-lots" nor has the city attempted to occupy, use or possess the "ox-lots" and alleys for more than 100 years.
Neither public nor private property of the State of Louisiana may be acquired through prescription. LSA-Const. art. 12, § 13; See also Todd v. State Through Dept. of Natural Res., 456 So.2d 1340 (La. 1983), 465 So.2d 712 (La.1985), and 474 So.2d 430 (La.1985). However, in City of New Orleans v. Salmen Brick & Lumber Co., 135 La.828, 66 So. 237 (1914), the Louisiana Supreme Court noted, 66 So. at p. 248, that:
The Constitution does not provide, nor does any statute of this state provide, that prescription shall not run against a municipal corporation. Therefore, ... it logically follows that prescription runs against municipal corporations unless they are included in some exception established by law. The only exception established by law in favor of municipal corporations has reference to the status of their property or the nature of their title. Property, to the use of which all the inhabitants of a city, and even strangers, are entitled in common, such as the streets, the public walks, quays, and other public places, are not subject to private ownership; and, as prescription is one of the means of acquiring title to property, it follows that public places cannot be acquired by prescription. (Emphasis added)
When a formal dedication is made, the dedicator is irrevocably divested of his ownership, and the thing dedicated is out of commerce and is not susceptible of private or individual ownership. Village of Folsom v. Alford, 204 So.2d 100 (La.App. 1st Cir.1967); See also Locke v. Lester, 78 So.2d 14 (La.App. 2nd Cir.1955); and Kemp v. Town of Independence, 156 So. 56 (La. App. 1st Cir.1934).
In brief, defendants argue that the Louisiana Civil Code divides things into three categories: common, public and private. LSA-C.C. arts. 448 et seq. Defendants argue that the State of Louisiana and its political subdivisions may own things as private persons and contend that acquisitive prescription may run against public bodies as to private things. In support of this contention, defendants cite City of New Iberia v. Romero, 391 So.2d 548 (La. App. 3rd Cir.1980); Town of Broussard v. Broussard Vol. Fire Dept., 357 So.2d 25 (La.App. 3rd Cir.1978); and Prothro v. City of Natchitoches, 265 So.2d 242 (La. App. 3rd Cir.1972). In the aforementioned cases, our brethren of the Third Circuit permitted individuals to acquire public property by acquisitive prescription.
These cases, however, are clearly distinguishable from the instant case. In Romero, Broussard, and Prothro, the public property was not dedicated to public use. Moreover, when property is formally dedicated to the public, actual use by the public is unnecessary and the dedication becomes complete upon recordation of a map containing a description of the streets and alley-ways dedicated. The effect of formal dedication is to divest the original owner of title and vest it in the municipality. See Yiannopoulos, Common, Public, and Private Things in Louisiana: Civilian Tradition and Modern Practice, 21 La.L.Rev. 697, 737 (1961). The property so dedicated has the status of public property, and, as such, cannot be acquired by prescription, unless there had been an express revocation. See Anderson v. Police Jury of East Feliciana Par., supra.
In the case sub judice, there has been no express revocation of the dedication of the public property. Therefore, the property remains imprescriptible.
Defendants further argue that, assuming the "ox-lots" and alleys were dedicated to public use, they should be given an opportunity to introduce evidence to show the location and extent of their improvements to determine whether they are entitled to *843 the exemptions under LSA-R.S. 9:5627[2] and LSA-C.C. art. 459.[3]
Defendants correctly argue that they are entitled to a trial on the merits to establish their entitlement to the exceptions enunciated in LSA-R.S. 9:5627 and LSA-C.C. art. 459. See Town of Madisonville v. Dendinger, 214 La.593, 38 So.2d 252 (1948). However, this does not defeat plaintiff's motion for partial summary judgment. The trial judge properly granted plaintiff's motion for partial summary judgment and correctly determined that there is no genuine issue as to material fact and that the City of Covington is entitled to judgment as a matter of law, in the following specific respects:
(1) The "ox-lots" located within the division of St. John, City of Covington, have been irrevocably dedicated to the public;
(2) The "ox-lots" cannot be acquired by individuals by acquisitive prescription; and
(3) The public's right to the use and enjoyment of the "ox-lots" cannot be lost through liberative prescription.
The trial judge did not consider, and plaintiff's motion did not address, defendants' entitlement to exemptions under the law. Furthermore, the trial judge did not dismiss plaintiff's suit or defendants' reconventional demands. These matters will be addressed at the trial on the merits.
For the above reasons, the judgment of the trial court is affirmed. Defendants are assessed all costs on appeal.
AFFIRMED.
NOTES
[1] Defendants own property in the following squares:

Wilfred J. Glockner Square 6
Weldon Poole Square 4
Elsie Galatas Square 4
John Bradley Square 2
Harry Mackie, Jr. Square 4
Estate of Clara Carrol Square 7
L. W. Pierce Square 7
St. Tammany Homestead Square 8
Mrs. Charlie Jenkins Square 12
Estate of Robert Badon, Viola
 Badon, Amelia Bascle, and
 Henrietta Schexnayder Square 19
Doris Montgomery Square 23
Jeron Fitzmorris Square 23
Philip Burns Square 20
Gloria David Square 20
Barton Hebert Square 16
Philip Pfeffer Square 16
Michelle Haik Square 15
Charles LeBlanc Square 23
H. J. Smith & Sons, a Louisiana
 corporation and/or partnership,
 and J. Louis Smith, individually Square 15
Marsolan Feed & Seed Store, Inc. Square 13
Julian Carruth Square 2
Archie R. Smith, Jr. Square 11
R. S. Blossman, Jr. Square 14
Philip M. Burns, Sr., Succession of
 R. F. Burns through its co-provisional
 administrator, P. F. Burns.
 Sr., R. K. Burns, Sr., and F. M.
 Burns, Sr. Square 16

[2] LSA-R.S. 9:5627 provides as follows:

A. A building that merely encroaches on a public way without preventing its use and which cannot be removed without causing substantial damage to its owner shall be permitted to remain. If it is demolished from any cause the owner shall be bound to restore to the public the part of the way upon which the building stood.
All actions to remove such a building shall be barred by prescription two years from the date of the commencement of said building or six months from effective date of this Section, whichever occurs later; provided that all actions to remove such a building which became barred by prescription under Act No. 684 of 1970 shall remain barred.
B. This Section shall not apply where the encroachment is on public servitudes of drainage, levees, waterways, or on rights-of-way for public highways. (footnote omitted)
[3] LSA-C.C. art. 459 provides as follows:

A building that merely encroaches on a public way without preventing its use, and which cannot be removed without causing substantial damage to its owner, shall be permitted to remain. If it is demolished from any cause, the owner shall be bound to restore to the public the part of the way upon which the building stood.