LOTTINGER, Judge.
This is the latest chapter in an action by the City of Covington against a number of *1138 private property owners for the removal of certain encroachments on city property. From a judgment in favor of the City, ordering the removal of the encroachments, the landowners have appealed.
FACTS
The facts of this case are not in dispute. In 1814, as part of a subdivision of land within the City of Covington, a private developer filed a plan of survey of said land in the public records of the parish of St. Tammany. As part of the subdivision, each square of said subdivision is traversed by an alley 20 feet in width. In the center of each square, the alley broadens to form a small square, having dimensions of 120 feet by 120 feet, the result being a square within a square. These small squares inside the larger squares historically have been known as “ox lots” and were used for the parking of oxen drawn carts and wagons. These “ox lots” and alley ways were formally dedicated to the City of Covington by the developer.
Over a substantial period of time these “ox lots” became less used and some adjoining private property owners constructed various improvements which encroached on the “ox lots.”
The City of Covington filed suit against the defendant private property owners alleging that their constructions encroached on the publicly owned “ox lots” and sought an order forcing the removal of the encroaching improvements. The defendants answered the petition, questioned the validity of the public dedication of the property, and also claimed ownership of the various properties by virtue of acquisitive prescription.
This court in City of Covington v. Glockner, 486 So.2d 837 (La.App. 1st Cir.), writ denied, 488 So.2d 693 (La.1986), held the property was formally dedicated to the public in 1814, that the property was public property and not susceptible to acquisitive prescription, and remanded the case to the trial court for a determination of whether the defendants were entitled to any of the exemptions provided in La.R.S. 9:5627 and La.Civ.Code art. 459.
Upon remand the trial court concluded that the exemptions were inapplicable and ordered the defendant private landowners to remove the encroachments within six months from his judgment. From this judgment, the defendant private landowners have appealed, asserting the following as errors by the trial court:
1. in finding that these private works were not placed on the subject property under lawful permits so as to be excepted under the provisions of La.Civ.Code art. 458, which improvements should have been allowed to remain;
2. in finding that said improvements obstructed a public way;
3. in finding that the two-year prescription of La.R.S. 9:5627 did not bar the plaintiffs suit to evict or have the improvements removed at the owner’s expense;
4. in refusing to determine that said improvements were exempt as mere encroachments, not preventing public use of public ways;
5. in failing to hold that the plaintiff claimed the subject property as a “private thing” rather than a “common thing,” thus susceptible to prescription;
6. in finding that the subject property could not be acquired by adverse ownership by means of acquisitive prescription; and
7. in failing to hold that the subject property had taken on the character of alienability so as to become susceptible and subject to prescription.
ASSIGNMENT OF ERROR NO. 1
In their first assignment of error, appellants contend that La.Civ.Code art. 458 provides an exception or exemption to the prohibition against the encroachment of publicly owned lands and that the current situation fits within that exemption. Article 458 of the La.Civ.Code provides as follows:
Works built without lawful permit on public things, including the sea, the seashore, and the bottom of natural navigable waters, or on the banks of navigable rivers, that obstruct the public use may *1139 be removed at the expense of the persons who built or own them at the instance of the public authorities, or of any person residing in the state.
The owner of the works may not prevent their removal by alleging prescription or possession.
Appellants argue that Article 458 implicitly provides for an exemption when private works are constructed on public land with lawful permit from the public body. However, no evidence was introduced at trial to establish that the encroaching improvements were constructed with the authority of a lawful permit from the City of Coving-ton. Appellants merely rely on the facts that the city chose to exempt one or some of the encroachers under La.Civ.Code art. 459 and finds further support in a City of Covington ordinance authorizing the lease of a portion of the property in question to one of the encroaching landowners.
Rather than decide whether La.Civ.Code art. 458 implicitly recognizes the exemption asserted by appellants, we conclude that even if such exemption was available, it would be inapplicable in this case because of the complete lack of evidence surrounding the “lawful permits” requirement of Article 458. Appellants have not established that any of the encroachments were constructed pursuant to “lawful permits.” As such, Article 458 of the Louisiana Civil Code is applicable.
ASSIGNMENTS OF ERROR NOS. 2, 3 AND 4
In these assignments of error, appellants contend that they are entitled to an exemption from the encroachment rule, pursuant to La.Civ.Code art. 459 and La.R.S. 9:5627. In our opinion in City of Covington v. Glockner, we remanded this matter to the trial court for determination of whether the appellants were entitled to the exemptions found in these statutes.
La.Civ.Code art. 459 provides:
A building that merely encroaches on a public way without preventing its use, and which cannot be removed without causing substantial damage to its owner, shall be permitted to remain. If it is demolished from any cause, the owner shall be bound to restore to the public the part of the way upon which the building stood.
La.R.S. 9:5627 provides, in pertinent part, as follows:
A. A building that merely encroaches on a public way without preventing its use and which cannot be removed without causing substantial damage to its owner shall be permitted to remain. If it is demolished from any cause the owner shall be bound to restore to the public the part of the way upon which the building stood.
All actions to remove such a building shall be barred by prescription two years from the date of the commencement of said building or six months from the effective date of this Section, whichever occurs later; provided that all actions to remove such a building which became barred by prescription under Act No. 684 of 1970 shall remain barred.
It cannot be questioned that the buildings in question cannot be removed without causing substantial damage thereto, so we must only decide whether the buildings and other structures “merely encroach(es) on a public way without preventing its use” within the meaning of this exception. Appellants acknowledge that the improvements constitute encroachments, but contend that the improvements are mere encroachments within the meaning of the statute, do not interfere with the public use of the property in question, and the prescriptive period provided in La.R.S. 9:5627 bars the present action.
The trial judge, in concluding that the exemptions were inapplicable, concluded that the small area and the situs of the “ox lots,” coupled with the serious nature of the encroachments and the rapid growth of the City of Covington all caused the encroachments to interfere with the public use of the property. As such, the trial judge concluded that the statutes and the prescriptive period contained therein were inapplicable and ordered the private land *1140 owners to remove the encroachments within six months.
At trial, the city called one witness, an expert land surveyor who testified in regards to the “ox lots” and encroachments. In addition, surveys of the various “ox lots” and encroachments were introduced into evidence. After reviewing these surveys and the testimony of the surveyor, we conclude that the encroachments are substantial and not “mere encroachments” in nature. The encroachments are all quite substantial and include, but not limited to all are part of garages, sheds, warehouses, houses, stores, fences and other improvements which take up a great deal of the area of each of the public “ox lots.” The encroachments are of such a nature that we agree with the trial judge who stated the following in his reasons for judgment:
When one considers the nature of the encroachments, the size of the ox lots encroached upon, and the public need for the development of the ox lots, he arrives at the inescapable conclusion that the structures involved in these cases are not mere encroachment on a public way that do not prevent its use, but are in fact obstructions of such a magnitude as to prevent the public use.
The same is true in regards to the appellants’ arguments surrounding the prescriptive period found in La.R.S. 9:5627 in which to bring an action for the removal of encroachment. By its own terms, the statutes restrict the prescriptive period asserted by appellants to actions brought to remove the encroachments that are exempted under the statute. Nothing contained therein prohibits an action after two years from the commencement of an encroachment that is not exempt pursuant to La.R. S. 9:5627. As such, the prescription argument also must fall.
Therefore, the trial judge was correct in his conclusions regarding the applicability of the exemptions contained in La.R.S. 9:5627 and La.Civ.Code art. 459.
ASSIGNMENTS OF ERROR NOS. 5, 6 AND 7
In these assignments of error, appellants raise a number of the issues previously raised before this court in the prior appeal. Appellants once again contend that the “ox lots” constituted private property held by the city and, as such, the property was subject to acquisitive prescription. However, this issue was previously handled by this court and the case was remanded for the sole purpose of determining the applicability of the exemptions, as set forth above. For the reasons set forth in this court’s previous opinion, the status of the property at issue is public and the property is not susceptible to acquisitive prescription. We need not repeat ourselves here.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.