Dear Mr. Landry:
You have requested an opinion of this Office related to the interplay of certain provisions of general Louisiana cemetery law and the Louisiana Unmarked Human Burial Sites Preservation Act ("the Unmarked Burials Act"). Specifically, you have asked whether the demolition of a structure that is situated atop a cemetery site would be governed by the law related to the dedication of property to cemetery use ("the dedication provisions"), [1] the Unmarked Burials Act, [2] or some combination of both sets of law. In order to fully understand this question, a review of the factual context of your request is in order.
According to the information that you provided to this Office, the Federal Emergency Management Agency, along with several State and local partner entities, is currently faced with having to abate the Thomy Lafon School buildings in New Orleans — structures that were substantially damaged by Hurricane Katrina. The current Lafon School is the latest construction on top of the Locust Grove Cemetery #1 and Locust Grove Cemetery #2 sites.[3] The Locust Grove cemeteries were nineteenth century potters' fields or indigent cemeteries that have since been replaced by Holt Cemetery and portions of other cemeteries located in the City. As you indicate, human remains, caskets, and grave goods were encountered at the site during the 1950s construction as well as during *Page 2 
exploratory archaeological excavations by the University of New Orleans in the 1980s.[4]
When the Louisiana cemetery laws were enacted in 1974, the Legislature included provisions to ensure the protection of cemeteries from damage and destruction by the development activities of future generations.[5] These provisions, known as the dedication provisions, are located at La.R.S. 8:304-306, and read as follows (in pertinent part):
After property is dedicated to cemetery purposes pursuant to this Chapter, neither the dedication nor the title of a plot owner shall be affected by the dissolution of the cemetery authority, by nonuse on its part, by alienation of the property, or otherwise, except as provided in this Title.[6]
 * * *
Dedication to cemetery purposes pursuant to this title is not invalid as violating any laws against perpetuities or the suspension of the power of alienation of title to or use of property but is expressly permitted and shall be deemed to be in respect for the dead, a provision for the interment of human remains, and a duty to and for the benefit of the general public.[7]
Property dedicated to cemetery purposes shall be held and used exclusively for cemetery purposes unless and until the dedication is removed from all or any part of it by judgment of the district court of the parish in which the property is situated in a proceeding brought by the cemetery authority for that purpose and upon notice of hearing to the board and by publication as hereinafter provided, and proof satisfactory to the court: (1) That no interments were made in or that all interments have been removed from that portion of the property from which dedication is sought to be removed; and (2) That the portion of the property from which dedication is sought to be removed is not being used for interment of human remains.[8] *Page 3 
Read together, these provisions stand for the proposition that, once human remains have been interred in a piece of property, that property is forever dedicated as a cemetery.[9] In addition, such property cannot be put to any use other than a "cemetery use" unless and until any and all human remains have been removed from the property and a court of competent jurisdiction issues an order removing the dedication.[10] Although "cemetery use" is not defined in Louisiana law, it is the opinion of this Office that the use of any dedicated cemetery property for anything other than the interment, inurnment, or otherwise the housing of human remains would constitute a noncemetery use.[11]
Thus, your question regarding whether La.R.S. 8:304-306 would apply to the Lafon School property must be answered in the affirmative. That answer leads into your next question, which asks whether the demolition and removal of the current structures on the subject property would require a removal of the cemetery dedication under the dedication provisions. It is the opinion of this Office that the removal of nonconforming uses (in this case, the school structures) from dedicated cemetery property does not require the removal of the property's cemetery dedication. The reason for this opinion is that the removal of such structures would actually bring the property back into compliance with current law (i.e., the property would be returned to a "cemetery use").[12]
Our opinion that there is no need to seek a judicial dededication of cemetery property when nonconforming uses are to be removed does not end the inquiry into compliance with Louisiana law. Your final question gets at this point when you ask whether compliance with the Unmarked Burials Act is necessary. *Page 4 
There is little doubt that demolition operations, while not changing the character of the Lafon School property to something other than a cemetery use, will impact or disturb the human burials contained therein. In a previous opinion, we stated that, for all property that contains human remains that is not specifically exempted from its purview, the Unmarked Burials Act applies.[13]
The Locust Grove cemeteries do not qualify for any of the exemptions from the Unmarked Burials Act.[14]
Accordingly, pursuant to the Unmarked Burials Act, activity occurring on and in the Locust Grove cemeteries property is under the regulatory jurisdiction of the Louisiana Division of Archaeology ("the Division").[15] Therefore, it is the opinion of this Office that any demolition activity on the subject property must be undertaken pursuant to the terms of an Unmarked Burials Act permit obtained from the Division. Further, no work that may impact the subsurface burials at the Lafon School site can be undertaken without first obtaining such a permit.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ RYAN M. SEIDEMANN Assistant Attorney General
JDC/RMS/tp
[1] La. R.S 8:304-306.
[2] La.R.S. 8:671, et seq.
[3] The first school was constructed on top of these cemeteries in 1889 and the current structures were constructed in 1952.
[4] Ian C.M. Branyon, An Investigation into the Ethnographic andHistorical Significance of Holt Cemetery. Unpublished Master'sThesis (College of Urban and Public Affairs, University of New Orleans 1998).
[5] Ryan M Seidemann Rachel L. Moss, Places Worth Saving: ALegal Guide to the Protection of Historic Cemeteries inLouisiana and Recommendations for Additional Protection, 55 LOY. L. REV. 449 (2009).
[6] La.R.S. 8.304(A).
[7] La.R.S. 8.305.
[8] La.R.S. 8:306.
[9] It is important to note that, although La.R.S. 8:304(B), which was enacted in 2008, now requires the recordation of the existence of a cemetery in the public records (at the time that it is created), the absence of any recordation in the public records of any cemetery does not avoid compliance with these provisions. Seegenerally Humphreys v. Bennett Oil Corp.,197 So. 222 (La. 1940); Thomas v. Mobley,118 So.2d 476 (La. Ct. App. 1 Cir. 1960). It is also important to note that Louisiana courts have held that the dedication of property as a cemetery is not subject to prescription. Lester v.Locke, 78 So. 2d 14, 16 (La. Ct. App 2 Cir. 1955).
[10] La.R.S. 8:306.
[11] This is an important point. At a public meeting regarding the Lafon School property, an idea was floated that would provide for the reuse of the current structures on the property (if it is possible to properly rehabilitate them) as mausoleums. Because a mausoleum is defined, in La.R.S. 8:1(30), as "a structure or building for the entombment of human remains in crypts or vaults in a place used or intended to be used, and dedicated, for cemetery purposes" it is the opinion of this Office that such a use would be acceptable under the dedication provisions, as such a use is clearly a "cemetery use."
[12] It is also important to point out that, although the dedication of property to cemetery uses is an ancient legal concept, there have been, over time, many violations of this concept. However, nonconforming uses of cemetery property that predate the codification of this concept by the Louisiana Legislature in 1974 are likely "grandfathered" into compliance with current Louisiana law. In other words, notwithstanding any other law to the contrary, constructions on dedicated cemetery property pre-1974 are likely not violations of the law.
[13] La. Atty. Gen. Op. No. 08-0135.
[14] La.R.S. 8:674 contains the exemptions from the Unmarked Burials Act.
[15] La. RS 8:676.