SEXTON, Judge Pro Tem.
| ¶ Plaintiff Virginia Evans appeals the trial court’s judgment in favor of Lake Bethlehem Baptist Church (“the Church”) finding that she failed to prove by a preponderance of the' evidence that she had an actionable claim against the Church or that the Church breached any obligation owed to her for alleged damage to her son’s gravestone. For the reasons stated herein, we affirm.

FACTS

Mrs. Evans’ son died in 1986. Mrs. Evans was a member of the congregation of the Church and was allowed, under Church practice, to bury her son in the cemetery on the Church’s grounds. Mrs. Evans paid for the headstone and service, but the land and burial'were provided at no charge. Pastor Dennis Everett testified that the cemetery is not a perpetual care cemetery. The families of the ■ deceased persons buried there are the caretakers of the graves and Mrs. Evans ad7 mitted such in her testimony.
On May 25, 2009, Mrs. Evans visited her son’s gravesite and found that the headstone and flowers she had placed on the grave had been disturbed and there were tractor tire tracks around the gravesite. The Church had been doing landscaping and beautification work in the cemetery and two- trees near Mrs. Evans’ son’s grave had been removed. There had also been several storms recently that had caused some damage to other gravesites (not the Evans site). Apparently, the headstone had been taken off of its base and laid to the side so that it would not be damaged while the work was ongoing. Mrs. Evans, however, claims that the headstone was broken and tossed aside into some bushes a distance away from the 12gravesite. There is no allegation that the grave itself was disturbed — just the headstone and flowers. Mrs. Evans further claimed that no one from the Church would respond to her claims of distress concerning the condition of the cemetery; and she, therefore, alerted the police, media and the state entity that oversees graveyards. The record reflects that the Church ceased all activity at the cemetery pending the assessment by the state. Ul *202 timately, the state found no problems with the Church’s activities in the cemetery. The cleanup was completed and Mrs. Evans’ son’s gravesite is currently in its original condition.
Mrs. Evans, however, sued the Church for property damage and mental anguish. The trial judge found no “breach of any obligation or any fault for damages” on the part of the Church and dismissed Mrs. Evans’ claims with prejudice. This appeal ensued.

DISCUSSION

Regardless of the title to the land itself, when a plot of ground is set apart and used for cemetery purposes, it becomes dedicated to use for such purposes. Thomas v. Mobley, 118 So.2d 476 (La.App. 1st Cir.1960). Further, the relatives of those interred therein may be entitled to damages for profanation of the grounds, as well as to injunctive relief to protect the graves and their burial and visitation rights related thereto. Id. We note that relatives of persons buried in a particular dedicated cemetery have a sentimental interest in the area as a whole and such ground should remain free from desecration. While plaintiffs may not own, in a strict legal sense, an interest in the cemetery, they do have a “species of interest or form of lstitle therein” Locke v. Lester, 78 So.2d 14 (La.App. 2d Cir.1955), citing with approval, Choppin v. Labranche, 48 La.Ann. 1217, 20 So. 681, 33 L.R.A. 133 (1896).
Significantly, in the case sub judice, there was no perpetual care agreement or arrangement between the Church and Mrs. Evans regarding the continued maintenance of her son’s gravesite. Pastor Everett testified that the Church is not a perpetual care cemetery and that relatives of the persons interred there are responsible for costs of burial, marker and upkeep of the gravesite. The plot of land is provided as a benefit of membership in the Church. Mrs. Evans admitted in her testimony that she is the caretaker of the gravesite. However, according to the testimony of Pastor Everett and David Allen, who is responsible for grounds maintenance of the cemetery, the Church does maintain the cemetery by mowing, trimming, cleaning up after severe weather and performing general beautification work.
Specifically, the photographs in the record support the testimony of Mr. Allen that storm cleanup and tree removal was ongoing at the time Mrs. Evans visited the cemetery and was disturbed by her observation. Mr. Allen testified that it was common practice to lay the headstones to the side while the work was ongoing so that they would not be harmed. While it is evident that Mrs. Evans has suffered from anxiety and other disorders in the past and was upset by seeing the disturbance of her son’s gravestone, we cannot say that the cleanup activity by the Church was the type of profanation or desecration for which the law provides a remedy. Like the trial judge, we find no breach of any duty owed to Mrs. Evans. Indeed, the 14photographs and testimony reflect that Mrs. Evans’ son’s gravestone was replaced upon completion of the work and the cemetery has been restored to its prior condition.

CONCLUSION

For the foregoing reasons, the judgment in favor of Lake Bethlehem Baptist Church and against Virginia Evans dismissing Mrs. Evans’ claims with prejudice is affirmed. Costs of appeal are assessed to Mrs. Virginia Evans.
AFFIRMED.